# EXHIBIT 1

**UNITED STATES SENATE
COMMITTEE ON THE JUDICIARY**

**QUESTIONNAIRE FOR JUDICIAL NOMINEES**

**PUBLIC**

1. **Name**:  State full name (include any former names used).

   Lee Philip Rudofsky

2. **Position**:  State the position for which you have been nominated.

   United States District Court for the Eastern District of Arkansas

3. **Address**:  List current office address.  If city and state of residence differs from your place of employment, please list the city and state where you currently reside.

   Walmart Home Office
   702 Southwest 8th Street
   Bentonville, Arkansas 72716

4. **Birthplace**:  State year and place of birth.

   1979; New York, New York

5. **Education**:  List in reverse chronological order each college, law school, or any other institution of higher education attended and indicate for each the dates of attendance, whether a degree was received, and the date each degree was received.

   2002 – 2005, Harvard Law School; J.D., 2005

   2000 – 2002, Cornell University (Cornell Institute for Public Affairs); M.P.A., 2002

   1997 – 2001, Cornell University (School of Industrial & Labor Relations); B.S. 2001

   December 2000 – May 2001, University of Haifa; no degree (Cornell University Semester Abroad Program)

6. **Employment Record**:  List in reverse chronological order all governmental agencies, business or professional corporations, companies, firms, or other enterprises, partnerships, institutions or organizations, non-profit or otherwise, with which you have been affiliated as an officer, director, partner, proprietor, or employee since graduation from college, whether or not you received payment for your services.  Include the name and address of the employer and job title or description.

2018 – present; 2014 – 2015
Walmart
702 Southwest 8th Street
Bentonville, Arkansas 72716
Senior Director, Global Anti-Corruption Compliance Team (2018 – present)
Assistant General Counsel, Corporate Affairs & Government Relations (2014 – 2015)

2017 – present
University of Arkansas School of Law
1045 West Maple Street
Fayetteville, Arkansas 72701
Adjunct Professor, Corporate Counsel Colloquium (scheduled Fall 2019)
Adjunct Professor, Creation of the Constitution (Spring 2018)
Adjunct Professor, Appellate Advocacy (Fall 2017)
Adjunct Professor, Federal Courts (Spring 2017)

2015 – 2018
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Solicitor General of Arkansas

2013 – 2014; 2010 – 2012; 2007 – 2009; Summer 2004
Kirkland & Ellis, LLP
1301 Pennsylvania Avenue N.W.
Washington, District of Columbia 20004
Senior Associate (2013 – 2014)
Associate (2010 – 2012; 2007 – 2009)
Summer Associate (Summer 2004)

2012
Mitt Romney for President 2012
138 Conant Street
Beverly Massachusetts 01915
Deputy General Counsel and Director of Legal Election Day Operations

2010
Steve Poizner for Governor
520 Capitol Mall
Sacramento, California 95841
Deputy General Counsel and Acting General Counsel

Fall 2009
Borgeson & Burns P.C. (now closed)
100 Cushman Street, Suite 311

Fairbanks, Alaska 99701
Associate

Spring 2009
George Mason University Antonin Scalia Law School
3301 Fairfax Drive
Arlington, Virginia 22201
Adjunct Professor, Environmental Law and Regulation

2006 – 2007
Judge Andrew Kleinfeld
United States Court of Appeals for the Ninth Circuit
250 Cushman Street, Suite 3-A
Fairbanks, Alaska 99701
Law Clerk

2005 – 2006
Justice Robert Cordy
Supreme Judicial Court of Massachusetts
1 Pemberton Square
Boston, Massachusetts 02108
Law Clerk

2001 – 2002
Kaplan, Inc.
409 College Avenue
Ithaca, New York 14853
LSAT, GRE, GSAT and SAT Instructor

Summer 2002
Jewish Institute for National Security Affairs
1101 Fourteenth Street N.W., Suite 1030
Washington, District of Columbia 20005
Summer Intern

Summer 2001
Meister Seelig & Fein LLP
125 Park Avenue, 7th Floor
New York, New York 10017
Legal Intern

Other Affiliations (uncompensated)

2018 – present
Cornell University Council
Division of Alumni Affairs and Development

130 East Seneca Street, Suite 400
Ithaca, New York 14850
Member

2016 – present
Arkansas Advisory Committee to the United States Commission on Civil Rights
1331 Pennsylvania Avenue, NW, Suite 1150
Washington, District of Columbia 20425
Member (2016 – present)
Parliamentarian (2017 – present)

2016 – 2017
Arkansas Bar Commission on Diversity
Arkansas Bar Association
2224 Cottondale Lane
Little Rock, Arkansas 72202
Co-Chair

2014 – 2019
Congregation Etz Chaim of Northwest Arkansas
4074 Southwest H Street
Bentonville, AR 72712
Executive Vice-President (2017 – 2019)
Congregational Member of Board of Directors (2014 – 2015)

2014
Tom Cotton for Senate
Cantrell Road
Little Rock, Arkansas 72223
Volunteer Lawyer

2011 – 2013
Jewish Institute for National Security Affairs
1101 Fourteenth Street N.W., Suite 1030
Washington, District of Columbia 20005
Vice Chairman, Young Leadership Council

2008 – 2012
Ivy Council
Columbia University
116th Street & Broadway
New York, New York 10027
Board of Directors

Fall 2008
John McCain for President

624 North Rainbow Boulevard
Las Vegas, Nevada 89107
Volunteer Lawyer

2007 – 2008
Romney for President Judicial Advisory Committee
138 Conant Street
Beverly Massachusetts 01915
Member

Summer 2005
United States Senate Judiciary Committee
224 Dirksen Senate Office Building
Washington, District of Columbia 20510
Short-term Volunteer Law Clerk for Committee Majority Staff

2003 – 2004
Office of Counsel to the Governor of Massachusetts
Massachusetts State House
24 Beacon Street
Boston, Massachusetts 02133
Law Clerk

Summer 2003
Office of Counsel to President of the United States
Eisenhower Executive Office Building
1650 Pennsylvania Avenue N.W.
Washington, District of Columbia 20502

Spring 2003
Professor Mary Ann Glendon
Harvard Law School
1585 Massachusetts Avenue
Cambridge, Massachusetts 02138
Research Assistant

Fall 2002 – Winter 2003
Justus Reid Weiner
Jerusalem Center for Public Affairs
Rechov Tel Chai 13
Jerusalem, Israel 92107 (work completed via internet)
Research Assistant

7. **Military Service and Draft Status**:  Identify any service in the U.S. Military, including dates of service, branch of service, rank or rate, serial number (if different from social security number) and type of discharge received, and whether you have registered for

selective service.

I have not served in the United States military. I registered for the selective service upon turning 18.

8. **Honors and Awards**:  List any scholarships, fellowships, honorary degrees, academic or professional honors, honorary society memberships, military awards, and any other special recognition for outstanding service or achievement.

Elected by Cornell University Board of Trustees to the Cornell University Council (2018 – present)

Elected by colleagues to the Judge Henry Woods Chapter of the American Inns of Court (2017 – 2018)

Harvard Journal of Law and Public Policy, Assistant Articles Editor (2004 – 2005), Senior Editor (2003 – 2004), and Editor (2002 – 2003)

Dean's List, Cornell University (Fall 1997, Spring 1998, Fall 1998, Spring 2000, Fall 2000)

Outstanding Service Award from Haifa University (Semester Abroad Program) for mentoring Ethiopian immigrants to Israel (2001)

9. **Bar Associations**:  List all bar associations or legal or judicial-related committees, selection panels or conferences of which you are or have been a member, and give the titles and dates of any offices which you have held in such groups.

Alaska Bar Association (2009 – present)

American Inns of Court, Judge Henry Woods Chapter (2017 – 2018)

Arkansas Bar Association (2015 – present)
      Co-Chair of the Arkansas Bar Commission on Diversity (2016 – 2017)

District of Columbia Bar Association (2007 – present)

Federalist Society (2002 – present)
      Vice-President of Northwest Arkansas Lawyers' Chapter (2014 – present)
      Colloquia Chair of Harvard Law Chapter (2004 – 2005)
      International Law and National Security Practice Group Executive Committee (2004 –2006)

New York State Bar Association (2006 – 2011)

Republican National Lawyers' Association (2004 – present, intermittently)

10. **Bar and Court Admission**:

    a.   List the date(s) you were admitted to the bar of any state and any lapses in membership.  Please explain the reason for any lapse in membership.

        Alaska, 2009
        Arkansas, 2015
        California (Registered In-House Counsel), 2010
        District of Columbia, 2007
        Massachusetts (Registered In-House Counsel), 2012
        New York, 2006

        I terminated my California In-House Counsel registration in 2010 and my Massachusetts In-House Counsel registration in 2013 after my work as campaign counsel in those states concluded. There have been no lapses in membership.

    b.   List all courts in which you have been admitted to practice, including dates of admission and any lapses in membership.  Please explain the reason for any lapse in membership.  Give the same information for administrative bodies that require special admission to practice.

        Supreme Court of the United States, 2015
        United States Court of Appeals for the District of Columbia Circuit, 2008
        United States Court of Appeals for the First Circuit, 2009
        United States Court of Appeals for the Second Circuit, 2008 (inactive status)
        United States Court of Appeals for the Eighth Circuit, 2015
        United States Court of Appeals for the Ninth Circuit, 2007
        United States District Court for the Eastern District of Arkansas, 2015
        United States District Court for the Western District of Arkansas, 2015

        I believe that sometime in 2010 or 2011 I became inactive in the Second Circuit. Because my practice no longer involved the Second Circuit, I did not renew my admission. There have been no other lapses.

11. **Memberships**:

    a.   List all professional, business, fraternal, scholarly, civic, charitable, or other organizations, other than those listed in response to Questions 9 or 10 to which you belong, or to which you have belonged, since graduation from law school. Provide dates of membership or participation, and indicate any office you held. Include clubs, working groups, advisory or editorial boards, panels, committees, conferences, or publications.

        1836 Club (2016 – 2018)

Arkansas Advisory Committee to the United States Commission on Civil Rights,
Member and Parliamentarian (2016 – present)

Arkansas Republican Party (2014 – present)
    Tusk Club (2016 – present)

Benton County Republican Party (dates unknown)

Congregation Etz Chaim
    Vice President (2017 – 2019)
    Congregational Board Member (2014 – 2015)

Cornell University Council (2018 – present)

Harvard Law School Spring 2015 Reunion Engagement Committee (2015)

Harvard Masonic Lodge (2005 – 2016)

Ivy Council, Board of Directors (2008 – 2009)

Jewish Institute for National Security Affairs,
    Vice-Chairman, Young Leadership Council (2011 – 2013)

Little Rock Center-Right Attorneys Lunch Group (2015 – present)

National Rifle Association (dates unknown)

WALPAC (2014 – 2015; 2018 – present)

b. The American Bar Association's Commentary to its Code of Judicial Conduct
states that it is inappropriate for a judge to hold membership in any organization
that invidiously discriminates on the basis of race, sex, or religion, or national
origin. Indicate whether any of these organizations listed in response to 11a above
currently discriminate or formerly discriminated on the basis of race, sex, religion
or national origin either through formal membership requirements or the practical
implementation of membership policies. If so, describe any action you have taken
to change these policies and practices.

The Harvard Masonic Lodge limits its membership to men. Otherwise, to the best
of my knowledge, none of the organizations listed above currently discriminates
or formerly discriminated on the basis of race, sex, religion or national origin,
either through formal membership requirements or the practical implementation
of membership policies.

12. **Published Writings and Public Statements**:

a. List the titles, publishers, and dates of books, articles, reports, letters to the editor, editorial pieces, or other published material you have written or edited, including material published only on the Internet.  Supply four (4) copies of all published material to the Committee.

Lee Rudofsky, *Thanks, Arkansas: Blessed to Live in This State*, Nw Ark. Gazette, Oct. 19, 2018. Copy supplied.

Lee Rudofsky, *In Day One of Hearings, Democrats Show Only that Kavanaugh is a Mainstream Judge*, App. Advoc. Blog (Sept. 4, 2018). Copy supplied.

Lee Rudofsky, *Docket Watch: Board of Trustees of the University of Arkansas v. Matthew Andrews*, Federalist Soc'y Docket Watch Blog (Aug. 17, 2018). Copy supplied.

Leslie Rutledge, *Religious conscience must be protected*, Nw Ark. Gazette, July 1, 2018. Copy supplied.

Lee Rudofsky, *Symposium: The Stays – A Practical Victory, A Legal Concern*, SCOTUSBlog (July 14, 2017, 6:34 pm). Copy supplied.

Leslie Rutledge, *Confirm Judge Neil Gorsuch to the Supreme Court*, Wash. Exam'r, Mar. 20, 2017. Copy supplied.

Leslie Rutledge, *Schnarr v. State: Developing the law in three areas*, Daily Rec. (Ark.), Feb. 13, 2017. Copy supplied.

Leslie Rutledge, *Supreme Court to consider on-line speech of sex offenders*, Daily Rec. (Ark.), Feb. 6, 2017. Copy supplied.

Lee Rudofsky, *Supreme Court strengthens qualified immunity doctrine*, Daily Rec. (Ark.), Jan. 23, 2017. Copy supplied.

Leslie Rutledge, *Update on religious rights of soldiers: Supreme Court petition alert*, Daily Rec. (Ark.), Jan. 16, 2017. Copy supplied.

Leslie Rutledge, *New rule on old files*, Daily Rec. (Ark.), Jan. 9, 2017. Copy supplied.

Leslie Rutledge, *Changing horses mid-stream*, Daily Rec. (Ark.), Jan. 2, 2017. Copy supplied.

Lee Rudofsky, *More than the sum of its parts*, Daily Rec. (Ark.), Dec. 26, 2016. Copy supplied.

Leslie Rutledge, *Picking Pruitt is right choice for the EPA*, Daily Rec. (Ark.), Dec. 19, 2016. Copy supplied.

Leslie Rutledge, *Arkansas Attorney General: Why Scott Pruitt is the right choice for the EPA*, Fox News Online, Dec. 15, 2016

Leslie Rutledge, *New rules*, Daily Rec. (Ark.), Dec. 12, 2016. Copy supplied.

Lee Rudofsky, *Why the overtime rule failed*, Daily Rec. (Ark.), Dec. 5, 2016. Copy supplied.

Leslie Rutledge, *Wrestling with Congressional Intent in Immigration Law*, Daily Rec. (Ark.), Nov. 21, 2016. Copy supplied.

Leslie Rutledge, *Reexamining jury-deliberation secrecy*, Daily Rec. (Ark.), Nov. 7, 2016. Copy supplied.

Leslie Rutledge, *The CFPB's unconstitutional power grab*, Daily Rec. (Ark.), Oct. 24, 2016. Copy supplied.

Lee Rudofsky, *Never forget*, Daily Rec. (Ark.), Oct. 17, 2016. Copy supplied.

Lee Rudofsky, *Football and the law*, Daily Rec. (Ark.), Oct. 12, 2016. Copy supplied.

Leslie Rutledge, *A supremely important term*, Daily Rec. (Ark.), Oct. 10, 2016. Copy supplied.

Lee Rudofsky, *Sobriety checkpoints: important and constitutional*, Daily Rec. (Ark.), Oct. 3, 2016. Copy supplied.

Leslie Rutledge, *The vanishing window of self-governance*, Daily Rec. (Ark.), Sept. 5, 2016. Copy supplied.

Lee Rudofsky, *Paying it forward*, Daily Rec. (Ark.), Aug. 29, 2016. Copy supplied.

Leslie Rutledge, *Hazy regulations*, Daily Rec. (Ark.), Aug. 22, 2016. Copy supplied.

Lee Rudofsky, *What the Olympics can teach us*, Daily Rec. (Ark.), Aug. 15, 2016. Copy supplied.

Leslie Rutledge, *Protecting the rights of conscience*, Daily Rec. (Ark.), Aug. 8, 2016. Copy supplied.

Lee Rudofsky, *Free speech works*, Daily Rec. (Ark.), Aug. 1, 2016. Copy supplied.

Leslie Rutledge, *Supporting law enforcement*, Daily Rec. (Ark.), July 25, 2016. Copy supplied

Lee Rudofsky, *Ensuring federal regulators respect the role of the state*, Daily Rec. (Ark.), July 18, 2016.  Copy supplied.

Leslie Rutledge, *Injunction junction*, Daily Rec. (Ark.), July 11, 2016.  Copy supplied.

Lee Rudofsky, *One Scalia Got Wrong*, Daily Rec. (Ark.), July 4, 2016. Copy supplied.

Leslie Rutledge, *Serving Arkansans*, Daily Rec. (Ark.), June 27, 2016. Copy supplied.

Lee Rudofsky, *Protecting Arkansas taxpayers and The Public Fisc,* Daily Rec. (Ark.), June 20, 2016. Copy supplied.

Leslie Rutledge, *Protecting small business and the attorney-client relationship,* Daily Rec. (Ark.), June 13, 2016. Copy supplied.

Leslie Rutledge, *New and dangerous labor rule hurts small businesses*, Wash. Exam'r, June 8, 2016. Copy supplied.

Leslie Rutledge, *A duty to defend*, Daily Rec. (Ark.), June 6, 2016. Copy supplied.

Lee Rudofsky, *The next generation*, Daily Rec. (Ark.), May 30, 2016.  Copy supplied.

Lee Rudofsky, *Balancing Public Service and Fatherhood*, Peekaboo: Nw Ark. Fam. Mag., May 29, 2016. Copy supplied.

Lee Rudofsky, *Predicting legal tsunamis,* Daily Rec. (Ark.), May 16, 2016. Copy supplied.

Leslie Rutledge, *Reflections from Appeals on Wheels*, Daily Rec. (Ark.), May 9, 2016. Copy supplied.

Lee Rudofsky, *What is a solicitor general?*, Daily Rec. (Ark.), May 2, 2016. Copy supplied.

Leslie Rutledge, *Justice Scalia: Champion of democracy and the written constitution*, Daily Rec. (Ark.), Apr. 25, 2016. Copy supplied.

Lee Rudofsky, *Mountaintop Coal Mining: A Permitting Process in Flux*, Fed. Soc'y Blog (Sept. 11, 2009).  Copy supplied.

Lee Rudofsky, *Even in busy D.C., memories of Fairbanks will never fade*, Fairbanks Daily News-Miner, Nov. 3, 2007. Copy supplied.

Wedding Announcement, Wash. Post, June 4, 2006. Copy supplied.

Lee Rudofsky, Letter to the Editor, *Opinion Column Misrepresents Republicans*, Harv. L. Rec., Nov. 17, 2004. Copy supplied.

Lee Rudofsky, *Israel Burning: America's key ally feeling effects [of] terrorism by Palestinian Leadership*, Cornell Rev., Dec. 7, 2001. Copy supplied.

Lee Rudofsky, *Only In America: Anti-American Protestors Lack Historical Perspective*, Cornell Rev., Nov. 9, 2001. Copy supplied.

Lee Rudofsky, *Highway Robbery: Like a hijacked jet, the Student Activity Fee Spins out of Control*, Cornell Rev., Oct. 18, 2001.  Copy supplied.

Lee Rudofsky, *The Face of Terror: The Man Behind the Bombings: Who is Osama Bin Laden*, Cornell Rev., Sept. 21, 2001. Copy supplied.

Lee Rudofsky & Michael Hanson, *Stealing The Vote: SA Political Boss Masterminds Election Fraud Scheme*, Cornell Rev., Sept. 21, 2001. Copy supplied.

Lee Rudofsky, Letter to the Editor, *Presidential Support*, Cornell Rev., Feb. 28, 2001. Copy supplied.

Lee Rudofsky, *Validating Vouchers: Privatization is the Last, Best Hope for Public Education Reform*, Cornell Rev., Nov. 3, 2000.  Copy supplied.

Lee Rudofsky, *Voter[s] are drawn to a do nothing candidate? Hillary Clinton has done nothing, so keep it up*, Cornell Rev., Oct. 13, 2000. Copy supplied.

Lee Rudofsky, Letter to the Editor, *S.A Rep. suggests holding off on funding reform*, Cornell Daily Sun, May 4, 2000. Copy supplied.

Lee Rudofsky, *Student Assembly Resolution to Appreciate the Efforts of Cornell Dining Staff*, Cornell Daily Sun, May 4, 2000. Copy supplied.

Lee Rudofsky, Letter to the Editor, *S.A. member's remarks both 'reactionary' and 'absurd,'* Cornell Daily Sun, Apr. 13, 2000. Copy supplied.

Lee Rudofsky, Letter to the Editor, *Candidate denies oppressing opponents' freedom of speech*, Cornell Daily Sun, Mar. 1, 2000. Copy supplied.

Lee Rudofsky, Letter to the Editor, *S.A. Rep. Questions Columnist's Statements About Activity Fees*, Cornell Daily Sun, Sept. 20, 1999. Copy supplied.

Lee Rudofsky, Letter to the Editor, *Will C.U. Have Music on the Slope?*, Cornell Daily Sun, Spring 1999. Copy supplied.

Lee Rudofsky, Letter to the Editor, *Student Assembly Rep. Apologizes for his Behavior*, Cornell Daily Sun, Sept. 28, 1998. Copy supplied.

Leslie Kirchler & Lee Rudofsky, Letter to the Editor, *SAF and S.A. Member Criticize S.A. Decisions,* Cornell Daily Sun, Nov. 25, 1997. Copy supplied.

While I was an intern for the Jewish Institute for National Security Affairs in 2002, I helped write one or more op-ed pieces. I do not recall which pieces I helped author, and I have been unable to locate any such pieces.

b. Supply four (4) copies of any reports, memoranda or policy statements you prepared or contributed in the preparation of on behalf of any bar association, committee, conference, or organization of which you were or are a member.  If you do not have a copy of a report, memorandum or policy statement, give the name and address of the organization that issued it, the date of the document, and a summary of its subject matter.

Arkansas Advisory Committee to the United States Commission on Civil Rights, Project Proposal (April 23, 2018). Copy supplied.

c. Supply four (4) copies of any testimony, official statements or other communications relating, in whole or in part, to matters of public policy or legal interpretation, that you have issued or provided or that others presented on your behalf to public bodies or public officials.

Arkansas Advisory Committee to the United States Commission on Civil Rights, Public Hearing Transcripts (April 23, 2019, September 7, 2018). Copy supplied.

Arkansas Advisory Committee to the United States Commission on Civil Rights, Telephonic Meeting Minutes (March 1, 2019, September 7, 2018, March 9, 2018, May 15, 2017, March 13, 2017, February 13, 2017). Copy supplied.

Letter to the United States Senate Judiciary Committee supporting the nomination of Daniel A. Bress (Feb. 27, 2019). Copy supplied.

Letter to the United States Senate Judiciary Committee supporting the nomination of Eric E. Murphy (July 28, 2018). Copy supplied.

Letter to the United States Senate Judiciary Committee supporting the nomination of Andrew L. Brasher (May 17, 2018). Copy supplied.

Letter to the United States Senate Judiciary Committee supporting the nomination of Britt C. Grant (May 16, 2018). Copy supplied.

Letter to the United States Senate Judiciary Committee supporting the nomination of Patrick R. Wyrick (May 1, 2018). Copy supplied.

Letter to the United States Senate and Senate Judiciary Committee supporting the nomination of J. Campbell Barker (Apr. 12, 2018). Copy supplied.

Letter to the Centerton Planning Commission regarding rezoning (Mar. 14, 2018). Copy supplied.

Hearing testimony, Litigation Reports Oversight Subcommittee of the Arkansas Legislative Council regarding Arkansas state sovereign immunity after *Board of Trustees of the University of Arkansas v. Matthew Andrews*, Jan. 30, 2018.  Audio recording supplied.

Letter to the United States Senate Judiciary Committee supporting the nomination of Kyle Duncan (Nov. 16, 2017). Copy supplied.

Letter to the Arizona Commission on Appellate Court Appointments recommending selection of Jennifer Perkins, June 30, 2017. Copy supplied.

Letter to the United States Senate Judiciary Committee supporting the nomination of Jeffrey Bossert Clark, June 27, 2017. Copy supplied.

Comment Letter to EPA Administrator McCarthy re the proposed rule "Clean Energy Incentive Program Design Details" (Nov. 1, 2016). Copy supplied.

Letter to EPA Administrator McCarthy requesting extension of time to comment on proposed rule "Clean Energy Incentive Program Design Details" (Aug. 1, 2016). Copy supplied.

Brief of Kenneth B. Mehlman, et al. as Amici Curiae Supporting Petitioners, *Obergefell v. Hodges*, 576 U.S. ___ (2015); 135 S. Ct. 2584 (2015) (No. 14-556). Copy supplied.

Brief of Kenneth B. Mehlman, et al. as Amici Curiae Supporting Respondents, *Hollingsworth v. Perry*, 570 U.S. 693 (2013) (No. 12-144). Copy supplied.

Letter from Romney for President 2012 to the Virginia Attorney General and Virginia Board of Elections regarding Voter Participation Center (July 24, 2012). Copy supplied.

Letter from Romney for President 2012 to West Bloomfield Township Clerk Catherine Shaughnessy regarding missing election memory cards (July 2012). I have been unable to locate a copy of the letter. I am providing a news article describing the letter.

Joint letter from Harvard Law School Alumni supporting the nomination of former Dean Elena Kagan (June 24, 2010). Copy supplied.

Cornell University Student Assembly Meeting Minutes (November 2, 2000, October 26, 2000, October 12, 2000, September 28, 2000, September 14, 2000, August 31, 2000, May 4, 2000, April 27, 2000, April 20, 2000, April 13, 2000, April 6, 2000, March 20, 2000, March 9, 2000, March 2, 2000, February 17, 2000, February 10, 2000, February 3, 2000, January 27, 2000, December 2, 1999, November 29, 1999, November 22, 1999, November 18, 1999, November 11, 1999, November 4, 1999, October 28, 1999, October 21, 1999, October 14, 1999, October 7, 1999, September 23, 1999, September 16, 1999, September 9, 1999, September 2, 1999, April 22, 1999, April 15, 1999, April 8, 1999, April 1, 1999, March 18, 1999, March 11, 1999, February 25, 1999, February 18, 1999, February 11, 1999, February 4, 1999, January 28, 1999, December 3, 1998, November 23, 1998, November 19, 1998, November 12, 1998, November 5, 1998, October 29, 1998, October 15, 1998, October 1, 1998, September 24, 1998, September 17, 1998, September 3, 1998, April 30, 1998, April 23, 1998, April 16, 1998, April 9, 1998, April 2, 1998, March 26, 1998, March 12, 1998, March 5, 1998, February 26, 1998, February 19, 1998, February 12, 1998, February 5, 1998, January 22, 1998, November 13, 1997, November 6, 1997, October 30, 1997, October 16, 1997, October 9, 1997, September 11, 1997). Copy supplied.

I believe I signed letters of support for the nominations of Andy Oldham to the U.S. Court of Appeals for the Fifth Circuit, Jeff Mateer to the U.S. District Court for the Eastern District of Texas, and Brett Talley for the U.S. District Court for the Middle District of Alabama. I have been unable to locate a copy of those letters.

d. Supply four (4) copies, transcripts or recordings of all speeches or talks delivered by you, including commencement speeches, remarks, lectures, panel discussions, conferences, political speeches, and question-and-answer sessions. Include the date and place where they were delivered, and readily available press reports about the speech or talk. If you do not have a copy of the speech or a transcript or recording of your remarks, give the name and address of the group before whom the speech was given, the date of the speech, and a summary of its subject matter. If you did not speak from a prepared text, furnish a copy of any outline or notes from which you spoke.

15

January 29, 2019: Panel Presenter, The King Can Do No Wrong: Sovereign Immunity in Arkansas, University of Arkansas School of Law Federalist Society, Fayetteville, Arkansas. Notes supplied.

June 26, 2018: Panel Presenter, "Constitutional Interpretation and *Andrews*," Federalist Society Little Rock Lawyers Chapter, Little Rock, Arkansas. Notes supplied.

June 5, 2018: Presenter, Sovereign Immunity in the Age of *Andrews*, Office of the Arkansas Attorney General, Little Rock, Arkansas. Notes supplied.

May 30, 2018: Podcast Speaker, *Wilson v. Sellers* – Post-Decision SCOTUSCast, The Federalist Society, Washington, D.C. Recording available at https://fedsoc.org/commentary/podcasts/wilson-v-sellers-post-decision-scotuscast.

March 19, 2018: Panel Presenter, Judicial Appointments Review and Discussion, Rule of Law Defense Fund, New Orleans, Louisiana. The panel was on the appointment of Justice Gorsuch to the U.S. Supreme Court, potential future U.S. Supreme Court nominees, selections for lower court judicial openings, and early trends in Justice Gorsuch's jurisprudence. I have no notes, transcript, or recording. The address for Rule of Law Defense Fund is 1747 Pennsylvania Avenue N.W., Suite 800, Washington, D.C. 20006.

November 21, 2017: Podcast Speaker, *Wilson v. Sellers* – Post-Argument SCOTUSCast, The Federalist Society, Washington, D.C. Recording available at https://fedsoc.org/commentary/podcasts/wilson-v-sellers-post-argument-scotuscast.

September 14, 2017: Presenter, Supreme Court Preview, Federalist Society Little Rock Lawyers Chapter, Little Rock, Arkansas. Notes supplied.

September 13, 2017: Speaker, U.S. Supreme Court Preview and Review, Federalist Society Memphis Lawyers Chapter, Memphis, Tennessee. The speech was on recent and upcoming U.S. Supreme Court cases. I have no notes, transcript, or recording. The address for the Federalist Society Memphis Lawyers Chapter is c/o Federalist Society, 1776 I Street N.W., Suite 300, Washington, D.C. 20006.

September 11, 2017: Speaker, Independent State Grounds: State-based Strategies for Securing Constitutionally Protected Freedoms, Alliance Defending Freedom, Cancun, Mexico. The speech was on religious liberties litigation by state Attorneys General across the nation. I have no notes, transcript, or recording. The address for Alliance Defending Freedom is 15100 North 90th Street, Scottsdale, Arizona 85260.

August 3, 2017, Panel Presenter, Recent Death Penalty Litigation in Arkansas,
Eighth Circuit Chief Judges Conference, Little Rock, Arkansas. Recording
supplied.

June 15, 2017: Panel Presenter, Voting Rights and Access to the Ballot, Arkansas
Bar Association 2017 Annual Bar Convention, Hot Springs, Arkansas. The panel
was on recent and upcoming U.S. Supreme Court cases regarding voter
identification, redistricting / gerrymandering, and the maintenance of voter
registration lists. I have no notes, transcript, or recording. The address for the
Arkansas Bar Association is 2224 Cottondale Lane, Little Rock, Arkansas 72202.

July 11, 2017: Panel Moderator, The New Court: *Trinity Lutheran*, Justice
Gorsuch, and Religious Liberty's Future, Alliance Defending Freedom, Laguna
Niguel, California. Notes supplied.

May 9, 2017: Panel Presenter, Supreme Court Perspectives: The Gorsuch Effect,
Rule of Law Defense Fund, Charleston, South Carolina. The panel was on
recently decided and upcoming U.S. Supreme Court cases. I have no notes,
transcript, or recording. The address for Rule of Law Defense Fund is 1747
Pennsylvania Avenue N.W., Suite 800, Washington, D.C. 20006.

March 25, 2017: Panel Presenter, State Solicitors General, Harvard Law School
Federalist Society Alumni Symposium, Cambridge, Massachusetts. Notes and
press supplied.

February 16, 2017: Speaker, February Meeting, Northwest Arkansas Young
Republicans, Fayetteville, Arkansas. I spoke about my job as solicitor general. I
have no notes, transcript, or recording. I do not know the physical address of the
Arkansas Young Republicans, but their website is https://www.arkansasyr.gop/.

January 12, 2017: Speaker, Update from the Office of the Arkansas Attorney
General, Western States Land Commissioners Association, Rogers, Arkansas.
Notes supplied.

October 22, 2016: Panel Moderator, Death in Arkansas – A Retrospective,
University of Arkansas Law Review, Fayetteville, Arkansas. Recording supplied.

October 18, 2016: Panel Presenter, School Law Panel, 2016 Arkansas Public
School Resource Center Fall Conference, Hot Springs Convention Center, Hot
Springs, Arkansas. The panel was on legal issues relevant to K-12 education. I
have no notes, transcript, or recording. The address for the Arkansas Public
School Resource Center is Victory Building, 1401 West Capitol, Suite 315, Little
Rock, Arkansas 72201.

September 2, 2016: Speaker, Current Legal Issues Facing Solicitors General,
Cornell Institute for Public Affairs, Ithaca, New York. The speech was an

informal classroom discussion regarding current legal issues facing Solicitors General across the country. I have no notes, transcript, or recording. The address for the Cornell Institute for Public Affairs is 294 Caldwell Hall, Ithaca, New York 14853.

September 2, 2016: Panel Presenter, Cornell Sprint Football Alumni Careers, Cornell Sprint Football Team, Ithaca, New York. The panel was an informal discussion regarding career paths of former Sprint Football members and potential career paths of current team members. I have no notes, transcript, or recording. The address for Cornell Sprint Football is Teagle Hall, Ithaca, New York 14853.

September 1, 2016: Speaker, State Solicitors General and the Fight Against Federal Overreach, Cornell University Law School Federalist Society, Ithaca, New York. The speech was on recent federalism litigation brought by state attorneys general throughout the nation. The speech also discussed my career path and the various ways law students can prepare themselves for public service. I have no notes, transcript, or recording. The address for the Cornell University Law School Federalist Society is Myron Taylor Hall, Ithaca, New York 14853.

June 23, 2016: Panel Presenter, Independent State Grounds: State-based Strategies for Protecting Religious Freedom, Alliance Defending Freedom, Maui, Hawaii. Notes supplied.

June 3, 2016: Panel Presenter, Case Law Update, Office of the Arkansas Attorney General, Little Rock, Arkansas. Notes supplied.

May 27, 2016: Panel Presenter, Legality of Sobriety Checkpoints, Arkansas Prosecuting Attorneys Association, Little Rock, Arkansas. The panel was on the legality of sobriety checkpoints and the impact of an Arkansas Supreme Court case, *Whalen v. State*. I have no notes, transcript, or recording. The address for the Arkansas Prosecuting Attorneys Association is 323 Center Street, Suite 750, Little Rock, Arkansas 72201.

March 1, 2016. Podcast Panel Presenter, The Texas Abortion Case in the Supreme Court: *Whole Women's Health v. Hellerstadt* Oral Argument Preview, The Federalist Society, Washington, D.C. Recording available at https://fedsoc.org/commentary/podcasts/the-texas-abortion-case-in-the-supreme-court-whole-woman-s-health-v-hellerstedt-oral-argument-preview-podcast.

February 17, 2016: Panel Presenter, Arkansas & U.S. Supreme Court Sessions: A Sneak Peek, Federalist Society Little Rock Lawyers Chapter, Little Rock, Arkansas. Notes supplied.

February 16, 2016: Panel Presenter, Arkansas & U.S. Supreme Court Sessions: A Sneak Peek, Federalist Society Northwest Arkansas Lawyers Chapter, Fayetteville, Arkansas. Notes supplied.

November 13, 2015: Interview-Style Presentation, An Interview with Lee Rudofsky, Federalist Society Harvard Law Alumni, Washington, D.C. The interview was about my career path, work as Solicitor General of Arkansas, how I prepare for oral argument, and advice for law students. I have no notes, transcript, or recording. The address for the Federalist Society is 1776 I Street N.W., Suite 300, Washington, D.C. 20006.

August 30, 2015: Speaker, Introduction of Arkansas Attorney General Leslie Rutledge, Congregation Etz Chaim, Bentonville, Arkansas. The event was a consecration of a Torah that had been hidden during the Holocaust and needed to be refurbished. My introduction discussed General Rutledge's commitment to religious freedom. I have no notes, transcript, or recording. The address for Congregation Etz Chaim is 4074 Southwest H Street, Bentonville, Arkansas 72712. Press coverage supplied.

June 13, 2015: Panel Moderator, Officers of the Court: Judicial tips for avoiding the most common and most serious ethical dilemmas facing lawyers today, South Asian Bar Association of North America, Orlando, Florida. The panel was on legal ethics. I have no notes, transcript, or recording. The address for the South Asian Bar Association of North America is unknown; the website for the organization is https://www.sabanorthamerica.com.

April 27, 2015: Interviewer, A Conversation with Alberto Gonzales, Federalist Society Northwest Arkansas Lawyers Chapter, Fayetteville, Arkansas. The event was an interview of Judge Alberto Gonzales regarding his career and time as White House Counsel and Attorney General. I have no notes, transcript, or recording. The address for the Northwest Arkansas Federalist Society is c/o Josh Mostyn, Mostyn Prettyman PLLC, 2601 North Walton Boulevard, Bentonville, Arkansas 72712.

August 9, 2013: Speaker, Continuous Improvement for Fair & Open Elections, Republican National Lawyers Association, Chicago, Illinois. Presentation slides supplied.

October 9, 2012: Speaker, Update from the Romney Campaign, Republican National Lawyers Association, New York, New York. This was a preview of volunteer opportunities for Republican lawyers on election day. I have no notes, transcript, or recording. The address for the Republican National Lawyers Association is P.O. Box 18965, Washington, D.C. 20036.

I was invited to speak at an event on July 20, 2005, at the National Endowment for Democracy in Washington, D.C., on the subject of bringing free market ideas to college campuses. I do not recall whether I actually participated in that event, and I have no notes, transcript, or recording. The address of the National

Endowment for Democracy is 1025 F Street NW, Suite 800, Washington, D.C. 20004.

2004: Debater, 2004 U.S. Presidential Elections and Foreign Policy, Harvard Law Republicans and Harvard Law Democrats, Cambridge, Massachusetts. This was a debate between two members of the Harvard Law Republicans and two members of the Harvard Law Democrats focused on current issues in the 2004 Presidential Election. I have no notes, transcript, or recording. The address for both the Harvard Law Republicans and Harvard Law Democrats is 1585 Massachusetts Avenue, Cambridge, Massachusetts 02138.

November 5, 2000: Debater, 2000 U.S. Presidential Elections, Cornell Republicans and Cornell Democrats, Ithaca, New York. This was a debate between four Cornell Republicans and four Cornell Democrats focused on current issues in the 2000 Presidential Election. I have no notes, transcript, or recording. The address for both the Cornell Republicans and Cornell Democrats is Day Hall, Ithaca, New York 14853. Press coverage supplied.

1998: Speaker, National Junior Honor Society Induction, West Hollow Middle School, Dix Hills, New York. The speech was on the importance of building good character. I have no notes, transcript, or recording. The address for the West Hollow Middle School is 250 Old East Neck Road, Melville, New York 11747.

e.   List all interviews you have given to newspapers, magazines or other publications, or radio or television stations, providing the dates of these interviews and four (4) copies of the clips or transcripts of these interviews where they are available to you.

Press Release, Arkansas Attorney General's Office, Rutledge Names Nicholas Bronni as Solicitor General: Thanks Lee Rudofsky for his Service to the Office and State (July 11, 2018). Copy supplied.

Tessa L. Dysart, Leslie H. Southwick, & Ruggero J. Aldisert, *Winning on Appeal: Better Briefs and Oral Arguments*, Third Edition, National Institute for Trial Advocacy, August 2017 at p. 142. Copy supplied.

Press Release, Arkansas Attorney General's Office, Rutledge Welcomes Lee Rudofsky as State's First Solicitor General, July 30, 2015. Copy supplied.

Virginia A. Greiman, OPIA's Guide to Conservative / Libertarian Public Interest Law, Harvard Law School Office of Public Interest Advising, September 2007, at p. 24. Copy supplied.

Hugo Torres, *HLS GOP Goes to Washington D.C.*, Harv. L. Rec., Mar. 17, 2005. Copy supplied.

Amy Garrigues, *HLS GOP enters the Beltway*, Harv. L. Rec., Mar. 11, 2004. Copy supplied.

Lea Sevcik, *HLS GOP rubs shoulders with DC luminaries*, Harv. L. Rec., Mar. 19, 2003. Copy supplied.

Spring of 2002. PEGASYS Public Access Television (Ithaca, NY). I appeared on a 30-minute broadcast of CIPA's (Cornell Institute for Public Affairs') Point of View series. The show was a panel discussion of current events. I do not have a recording or transcript of that appearance.

Ryan, *For Hillary, First Stop: Cornell*, Cornell Daily Sun, Oct. 25, 2000. Copy supplied.

Ryan, *Chair of C.U. Republicans Resigns*, Cornell Daily Sun, Sept. 19, 2000. Copy supplied.

Ken Meyer, *Candidates Promise Change*, Cornell Daily Sun, Mar. 7, 2000. Copy supplied.

*2000-2001 Student Assembly Candidates*, Cornell Daily Sun, Mar. 6, 2000. Copy supplied.

Maggie Frank, *S.A. Discusses Diversity as Elections Near*, Cornell Daily Sun, Mar. 3, 2000. Copy supplied.

*2000-2001 Student Assembly Candidates*, Cornell Daily Sun, Feb. 28, 2000. Copy supplied.

Nathaniel Berman, *Student Assembly Debates Affirmative Action*, Cornell Daily Sun, Feb. 11, 2000. Copy supplied.

Nilo Alvarado & Jason Flannick, *New Meal Plan Proposed*, Cornell Daily Sun, Feb. 4, 2000. Copy supplied.

Christen Aragoni, *Student Assembly Sets Activities Fee at $92*, Cornell Daily Sun, Dec. 3, 1999. Copy supplied.

Christen Aragoni, *Tsourounis '00 suspends use of list-serve*, Cornell Daily Sun, Dec. 3, 1999. Copy supplied.

Jason Flannick, *Balch Dining to Close in 2001*, Cornell Daily Sun, Nov. 19, 1999. Copy supplied.

Jonathan Lewinsohn, *Members helped by counseling session*, Cornell Daily Sun, Oct. 08, 1999. Copy supplied.

Jason Flannick, *Campus Life May Introduce Meal Plan for Collegetown*, Cornell Daily Sun, Sept. 10, 1999. Copy supplied.

Sean Copeland, *Cash-Op Dining Reinstated*, Cornell Daily Sun, May 3, 1999. Copy supplied.

Joseph J. Sabia, *Republican Steamroller*, Cornell Rev., Mar. 19, 1999. Copy supplied.

Christopher Marquis, *Sour Grapes*, Cornell Rev., Mar. 19, 1999. Copy supplied.

Yoni Levine, *Cornell Announces Results of Campus Elections*, Cornell Daily Sun, Mar. 9, 1999. Copy supplied.

Christen Aragoni, et al., *Candidates Reflect on Positions, Goals for Upcoming Assembly Term*, Cornell Daily Sun, Mar. 2, 1999. Copy supplied.

Christopher Marquis, *Nowhere Man*, Cornell Rev., Feb. 26, 1999. Copy supplied.

Sean Copeland, *S.A., Trustee Hopefuls Vie for [unreadable]*, Cornell Daily Sun, Feb. 26, 1999. Copy supplied.

*Announcing Student Assembly Candidates*, Cornell Daily Sun, Feb. 19, 1999. Copy supplied.

Christopher Marquis, *Leethal Weapon*, Cornell Rev., Sept. 25, 1998. Copy supplied.

Reena Thomas, *S.A. Requests Resignation From Assembly Member*, Cornell Daily Sun, Apr. 23, 1998. Copy supplied.

Reena Thomas & Salil Gupte, *Candidates Seek Positions As Student Representatives*, Cornell Daily Sun, Mar. 2, 1998. Copy supplied.

*Announcing Student Assembly Candidates*, Cornell Daily Sun, Feb. 23, 1998. Copy supplied.

Reena Thomas, *Assembly Creates Reform Committee*, Cornell Daily Sun, Feb. 18, 1998. Copy supplied.

Sarah Striffler, *Student Assembly Gains Five New Representatives*, Cornell Daily Sun, Sept. 29, 1997. Copy supplied.

Sarah Striffler, *Students Vie For Seats on Student Assembly*, Cornell Daily Sun, Sept. 23, 1997. Copy supplied.

*Student Assembly Vote – New Student At Large Candidates*, Cornell Daily Sun, Sept. 22, 1997. Copy supplied.

13. **Judicial Office**: State (chronologically) any judicial offices you have held, including positions as an administrative law judge, whether such position was elected or appointed, and a description of the jurisdiction of each such court.

I have not held judicial office.

    a.    Approximately how many cases have you presided over that have gone to verdict or judgment? _____

        i.    Of these, approximately what percent were:

            jury trials:               ___%
            bench trials:           ___% [total 100%]

            civil proceedings:       ___%
            criminal proceedings:   ___% [total 100%]

    b.    Provide citations for all opinions you have written, including concurrences and dissents.

    c.    For each of the 10 most significant cases over which you presided, provide: (1) a capsule summary of the nature the case; (2) the outcome of the case; (3) the name and contact information for counsel who had a significant role in the trial of the case; and (3) the citation of the case (if reported) or the docket number and a copy of the opinion or judgment (if not reported).

    d.    For each of the 10 most significant opinions you have written, provide: (1) citations for those decisions that were published; (2) a copy of those decisions that were not published; and (3) the names and contact information for the attorneys who played a significant role in the case.

    e.    Provide a list of all cases in which certiorari was requested or granted.

    f.    Provide a brief summary of and citations for all of your opinions where your decisions were reversed by a reviewing court or where your judgment was affirmed with significant criticism of your substantive or procedural rulings. If any of the opinions listed were not officially reported, provide copies of the opinions.

    g.    Provide a description of the number and percentage of your decisions in which you issued an unpublished opinion and the manner in which those unpublished opinions are filed and/or stored.

    h.  Provide citations for significant opinions on federal or state constitutional issues, together with the citation to appellate court rulings on such opinions. If any of the opinions listed were not officially reported, provide copies of the opinions.

    i.  Provide citations to all cases in which you sat by designation on a federal court of appeals, including a brief summary of any opinions you authored, whether majority, dissenting, or concurring, and any dissenting opinions you joined.

14. **Recusal:** If you are or have been a judge, identify the basis by which you have assessed the necessity or propriety of recusal (If your court employs an "automatic" recusal system by which you may be recused without your knowledge, please include a general description of that system.) Provide a list of any cases, motions or matters that have come before you in which a litigant or party has requested that you recuse yourself due to an asserted conflict of interest or in which you have recused yourself sua sponte. Identify each such case, and for each provide the following information:

I have not held judicial office.

    a.  whether your recusal was requested by a motion or other suggestion by a litigant or a party to the proceeding or by any other person or interested party; or if you recused yourself sua sponte;

    b.  a brief description of the asserted conflict of interest or other ground for recusal;

    c.  the procedure you followed in determining whether or not to recuse yourself;

    d.  your reason for recusing or declining to recuse yourself, including any action taken to remove the real, apparent or asserted conflict of interest or to cure any other ground for recusal.

15. **Public Office, Political Activities and Affiliations:**

    a.  List chronologically any public offices you have held, other than judicial offices, including the terms of service and whether such positions were elected or appointed. If appointed, please include the name of the individual who appointed you. Also, state chronologically any unsuccessful candidacies you have had for elective office or unsuccessful nominations for appointed office.

Solicitor General of Arkansas (July 2015 – July 2018). I was appointed by Arkansas Attorney General Leslie Rutledge.

Arkansas Advisory Committee to the United States Commission on Civil Rights (November 2016 – present). To the best of my understanding, I was appointed by the Commission.

    b.  List all memberships and offices held in and services rendered, whether compensated or not, to any political party or election committee. If you have ever

held a position or played a role in a political campaign, identify the particulars of the campaign, including the candidate, dates of the campaign, your title and responsibilities.

Member, Arkansas Republican Party (2014 – present).

Member, Tusk Club (2016 – present).

Fundraiser Host, Leslie Rutledge for Arkansas Attorney General (2018). My wife and I hosted a fundraiser for Leslie Rutledge at our home.

Volunteer Fundraiser, Jeb Bush for President (2016). I solicited donations from friends for Jeb Bush.

Member, Northwest Arkansas Chapter of the Arkansas Young Republicans (2014 – 2015).

Member, Benton County Republican Committee (2014 – 2015).

Volunteer Lawyer, Cotton for Senate (2014). I provided advice to campaign counsel on how to set up and run a volunteer lawyers' group during the campaign and on election day. I also fielded legal questions on election day. In addition to my work as a volunteer lawyer, I solicited campaign contributions from friends for Senator Cotton.

Fundraiser Host, Ron DeSantis for Congress (2012). My wife and I hosted a fundraiser for Ron DeSantis at our home.

Deputy General Counsel and Director of Legal Election Day Operations, Mitt Romney for President (February 2012 – December 2012). I coordinated staff lawyers and volunteer lawyers for poll watching activities, litigation support, and potential recount contingencies. I reviewed press statements for legal propriety. I assisted in ensuring fair state primaries, caucuses, and conventions. I also carried out routine in-house counsel responsibilities.

Deputy General Counsel and Acting General Counsel, Steve Poizner for Governor (January 2010 – June 2010). I coordinated volunteer lawyers for poll watching activities, litigation support, and potential recount contingencies. I reviewed press statements and advertisements for legal propriety. I supervised the campaign's financial reporting responsibilities. I also carried out routine in-house counsel responsibilities.

Volunteer Lawyer, McCain for President / Lawyers for McCain (2008). I assisted with ballot access issues during early voting and on election day in Nevada. I also prepared litigation papers for potential filing.

Member, Romney for President Judicial Advisory Council (2008). I was a member of the campaign's judicial advisory council.

President, Harvard Law Republicans (2004 – 2005).

Political Director, Harvard Law Republicans (2003 – 2004).

Member, Harvard Law Republicans (2002 – 2005).

Poll Watcher, George W. Bush for President (2004).

Director of Elections, Cornell Republicans (2001).

Member, Cornell Republicans (1997 – 2002).

Volunteer, Rick Lazio for Senate (2000). As a member of the Cornell Republicans, I volunteered for phone banks and door-to-door campaigning in support of Rick Lazio.

Volunteer, Allan Binder for Suffolk County Legislator (1996). I vaguely recall that, when I was in high school, I volunteered as a leafletter and phone banker for Allan Binder.

16. **Legal Career:**  Answer each part separately.

    a. Describe chronologically your law practice and legal experience after graduation from law school including:

        i. whether you served as clerk to a judge, and if so, the name of the judge, the court and the dates of the period you were a clerk;

        From 2005 to 2006, I served as a law clerk to the Honorable Robert J. Cordy III, Associate Justice of the Massachusetts Supreme Judicial Court.

        From 2006 to 2007, I served as a law clerk to the Honorable Andrew J. Kleinfeld, Circuit Judge of the United States Court of Appeals for the Ninth Circuit.

        ii. whether you practiced alone, and if so, the addresses and dates;

        I have not practiced law alone.

        iii. the dates, names and addresses of law firms or offices, companies or governmental agencies with which you have been affiliated, and the nature of your affiliation with each.

Summer 2005
United States Senate Judiciary Committee
224 Dirksen Senate Office Building
Washington, District of Columbia 20510
Short-term Volunteer Law Clerk for Committee Majority Staff

2007 – 2009; 2010 – 2012; 2013 – 2014
Kirkland & Ellis, LLP
1301 Pennsylvania Avenue N.W.
Washington, District of Columbia 20004
Associate (2007 – 2009; 2010 – 2012)
Senior Associate (2013 – 2014)

Fall 2009
Borgeson & Burns P.C. (now closed)
100 Cushman Street, Suite 311
Fairbanks, Alaska 99701
Associate

2010
Steve Poizner for Governor
520 Capitol Mall
Sacramento, California 95841
Deputy General Counsel and Acting General Counsel

2012
Mitt Romney for President 2012
138 Conant Street,
Beverly, Massachusetts 01915
Deputy General Counsel and Director of Legal Election Day Operations

2014 – 2015; 2018 – present
Walmart
702 Southwest 8th Street
Bentonville, Arkansas 72716
Assistant General Counsel, Corporate Affairs & Government Relations
(2014 – 2015)
Senior Director, Global Anti-Corruption Compliance Team (2018 –
present)

2015 – 2018
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Solicitor General of Arkansas

iv. whether you served as a mediator or arbitrator in alternative dispute resolution proceedings and, if so, a description of the 10 most significant matters with which you were involved in that capacity.

I have not served as a mediator or arbitrator.

b. Describe:

i. the general character of your law practice and indicate by date when its character has changed over the years.

From 2005 – 2007, I was a law clerk to two judges—one on the Supreme Judicial Court of Massachusetts, and one on the United States Court of Appeals for the Ninth Circuit. I drafted memoranda recommending the grant or denial of certiorari, drafted bench memoranda for cases, and drafted and revised opinions. I also routinely provided oral summaries of cases prior to argument. In life without parole cases and certain life with parole cases, I was often responsible for reviewing the entire trial record and making a fully independent assessment of whether there were any reviewable trial errors.

In 2007 – 2009, 2010 – 2011, and 2013, I was a civil litigator and appellate attorney at Kirkland & Ellis LLP. I worked principally on constitutional, administrative, environmental and complex commercial litigation in the federal district courts and federal courts of appeal. I coordinated significant discovery matters, prepared lay and expert witnesses for court, defended depositions, drafted numerous motions to dismiss and motions for summary judgment in trial courts, and drafted numerous appellate briefs. I also worked closely with in-house counsel to review written and oral presentations to governments and industry trade associations.

In 2009, when my wife began a clerkship in Alaska for the United States Court of Appeals for the Ninth Circuit, I joined a small firm (Borgeson & Burns, P.C.) in Fairbanks. I prepared a memorandum regarding several questions of employment law for a hotel franchise. I also drafted complaints, motions to dismiss, motions for summary judgment, and an appellate brief in areas ranging from trespass law to property disputes to complex commercial transactions. I also counseled a small corporation on its dissolution.

In 2010, I was afforded the opportunity to work on a major gubernatorial campaign. I became the Deputy General Counsel to Steve Poizner's 2010 campaign for Governor of California. For several months, my boss was out on maternity leave and I served as the Acting General Counsel to the campaign. I ensured the campaign's compliance with relevant campaign

28

finance, election, and employment laws. I reviewed all statements from the campaign prior to their use. I prepared and/or supervised the preparation of election law litigation templates (complaints, affidavits, motion for temporary restraining orders, responses) to use if needed on election day. I coordinated poll watchers and legal advisors.

After Poizner lost the primary in 2010, my wife and I returned to DC and I went back to work at Kirkland & Ellis, where my practice continued as described above until 2012. In 2012, I joined Mitt Romney's presidential campaign as Deputy General Counsel (and later as Director of Legal Election Day Operations as well). I supervised lawyers around the country—some employees, many volunteers—in legal preparations for primaries, caucuses, conventions, and ultimately general election day. I also analyzed the election laws of nearly every state across the country, specifically in regard to operations of the primary, caucus, and/or general election. With this information, I advised our political team on how best to comply with and succeed under those laws.

After Romney lost the general election, I returned to Kirkland & Ellis, where my practice continued as described above until 2014. When I moved in-house to Walmart in 2014, my duties included (1) advising our federal and state corporate affairs teams on applicable campaign finance and lobbying laws, (2) reviewing, for legal propriety, potential responses from our corporate communications team to media inquiries across all subject matters, (3) understanding the state of our most sensitive and high-profile litigation in order to provide relevant updates to our corporate communications professionals, (4) reviewing, for legal propriety, numerous portions of Walmart's Annual Global Responsibility Report, and (5) drafting contracts between our Corporate Affairs department and outside vendors.

In 2015, I was appointed Solicitor General of Arkansas by Arkansas Attorney General Leslie Rutledge. During my three-year tenure as Solicitor General, I (1) litigated cases in the state trial court and the federal district court, (2) briefed and/or argued matters in the Arkansas Supreme Court, the Eighth Circuit, and the United States Supreme Court, and (3) reviewed and revised Attorney General Opinions. The matters I handled included a variety of topics, such as the death penalty, murder convictions, proper sentencing, equal protection, due process, sovereign immunity, private rights of action, free speech, free exercise, the establishment clause, separation of powers, and federalism.

In addition to the matters I directly handled, I also reviewed and revised nearly all briefs from our civil and criminal departments before they were filed in the Arkansas Supreme Court or any federal courts of appeal. On novel or sensitive legal matters, I helped those departments plan and

supervise legal strategy for trial litigation in both the state and federal courts. I estimate that, as part of this process, I reviewed and revised approximately 500 briefs and trial court motions.

I also created and ran a formal moot court program for the office. Attorneys had to be mooted twice in front of me and other peers before arguing a case in the Arkansas Supreme Court or the federal courts of appeal. This required me to complete a deep dive into the briefs and trial record of almost every case argued by the Office. I estimate that I presided over about 70 moot courts.

In 2018, I returned to Walmart as a Senior Director on the Anti-Corruption Compliance Team. For approximately six months, I assisted Walmart's Corporate Secretary and Chief Legal Officer in streamlining policies, processes, and organizational structures in the legal department and the ethics and compliance department. Currently, I am serving as the global subject matter expert on anti-corruption training.

ii.  your typical clients and the areas at each period of your legal career, if any, in which you have specialized.

At Kirkland & Ellis LLP, my clients were generally Fortune 500 companies and national trade associations. For much of my Kirkland practice, I specialized in environmental law.

At Borgeson & Burns, I had a general practice. I had no "typical" clients. My clients included individuals with property disputes, small companies requiring corporate law services and employment law advice, and a utility company requiring litigation defense work.

As in-house counsel to two political campaigns (and as a volunteer lawyer for other political campaigns), I primarily specialized in campaign finance law, election law, and ballot access issues. I most often counseled the campaigns' political and policy departments.

At Walmart, during the time I counseled the Corporate Affairs and Government Relations team, I specialized in campaign finance laws, lobbying rules and media relations. Currently, I help the company train associates to comply with the Foreign Corrupt Practices Act and other applicable anti-corruption laws worldwide.

As Solicitor General of Arkansas, I represented the State of Arkansas, state agencies and state officials. I also provided counsel to the Arkansas Attorney General. I specialized in state and federal constitutional law.

c.  Describe the percentage of your practice that has been in litigation and whether

you appeared in court frequently, occasionally, or not at all. If the frequency of your appearances in court varied, describe such variance, providing dates.

At Kirkland & Ellis LLP and Borgeson & Burns P.C., 80% of my practice was in litigation and appeals. I very rarely appeared in court and not as principal counsel.

During my time as in-house counsel for (and as a volunteer lawyer to) political campaigns, 20% of my practice was in litigation and appeals. I did not appear in court.

During my time at Walmart, 5% of my practice was in litigation and appeals. I did not appear in court.

During my time as Solicitor General of Arkansas, 95% of my practice was in litigation and appeals. I appeared in state and federal courts frequently, often multiple times a month.

    i.  Indicate the percentage of your practice in:

| | | |
|---|---|---|
| 1. | federal courts: | 55% |
| 2. | state courts of record: | 40% |
| 3. | other courts: | 0% |
| 4. | administrative agencies: | 5% |

    ii.  Indicate the percentage of your practice in:

| | | |
|---|---|---|
| 1. | civil proceedings: | 65% |
| 2. | criminal proceedings: | 35% |

d. State the number of cases in courts of record, including cases before administrative law judges, you tried to verdict, judgment or final decision (rather than settled), indicating whether you were sole counsel, chief counsel, or associate counsel.

I have been involved in one full trial, and in numerous cases that have been resolved by a court as opposed to being settled by the parties.

I was a member of Kirkland & Ellis's large trial team representing British Petroleum in the Deepwater Horizon multi-district litigation. We tried Phase One of this matter fully, with the Judge issuing Findings of Fact and Conclusions of Law. I was an associate counsel. I prepared witnesses for trial, prepared examination questions for lead counsel, assisted in resolving exhibit disputes, and prepared daily summations of testimony and court rulings for the client.

As Solicitor General of Arkansas, I conducted four preliminary injunction or stay of execution hearings that involved multiple fact and expert witnesses. I was the chief counsel in those matters and supervised a team of several lawyers. I

litigated a preliminary injunction matter in federal district court that was based primarily on a matter of law. Thus, the preliminary injunction decision amounted to a final judgment. I was chief counsel on this matter.

  i. What percentage of these trials were:
    1. jury:        0%
    2. non-jury:    100%

e. Describe your practice, if any, before the Supreme Court of the United States. Supply four (4) copies of any briefs, amicus or otherwise, and, if applicable, any oral argument transcripts before the Supreme Court in connection with your practice.

Brief in Opposition, *Planned Parenthood of Arkansas & Eastern Oklahoma v. Jegley*, No. 17-935 (2008). Copy supplied.

Reply Brief, *Missouri et al. v. California*, No. 148 (2018). Copy supplied.

Reply in Support, *Indiana v. Massachusetts*, No. 149 (2018). Copy supplied.

Brief in Opposition, *Bell v. Arkansas*, No. 17-6749 (2018). Copy supplied.

Amici Curiae Brief in Support, *Louisiana Department of Corrections v. Ware*, No. 17-930 (2018). Copy supplied.

Brief in Opposition, *Holly v. Arkansas*, No. 17-6514 (2018). Copy supplied.

Motion for Leave to File Bill of Complaint, *Indiana et al. v. Massachusetts*, No. 149 (2017). Copy supplied.

Motion for Leave to File Bill of Complaint, *Missouri et al. v. California*, No. 148 (2017). Copy supplied.

Amici Curiae Brief in Support, *Wilson v. Sellers*, No. 16-6855 (2017). Copy supplied.

Amici Curiae Brief in Support, *Arlene's Flowers, Inc. v. Washington*, No. 17-108 (2017). Copy supplied.

Opposition to Application for Stay of Execution, *Williams v. Kelley*, No. 16-8923 (2017). Copy supplied.

Opposition to Application for Stay of Execution, *Williams v. Arkansas*, No. 16-8922 (2017). Copy supplied.

Opposition to Application for Stay of Execution, *Williams v. Kelley*, No. 16-8921

(2017). Copy supplied.

Opposition to Application for Stay of Execution, *Williams v. Kelley*, No. 16-8815 (2017). Copy supplied.

Opposition to Application for Stay of Execution, *Williams v. Kelley*, No. 16-8816 (2017). Copy supplied.

Opposition to Application for Stay of Execution, *Jones v. Kelley*, No. 16A1028 (2017). Copy supplied.

Opposition to Application for Stay of Executions, *Lee v. Hutchinson*, No. 16-8788 (2017). Copy supplied.

Opposition to Application for Stay of Executions, *Lee v. Arkansas*, No. 16A1018 (2017). Copy supplied.

Opposition to Application for Stay of Executions, *McGehee v. Hutchinson*, No. 16-8787 (2017). Copy supplied.

Opposition to Application for Stay of Executions, *McGehee v. Hutchinson*, No. 16-8770 (2017). Copy supplied.

Opposition to Application for Stay of Executions, *Lee v. Hutchinson*, No. 16A1016 (2017). Copy supplied.

Application to Vacate Stay of Execution, *Arkansas v. Davis*, No. 16A987 (2017). Copy supplied.

Brief in Opposition, *Pavan v. Smith*, No. 16-992 (2017). Copy supplied.

Brief of Amici Curiae in Support, *Weaver v. Massachusetts*, No. 16-240 (2017). Copy supplied.

Brief in Opposition, *Arkansas v. Delaware*, No. 22O146 (2017). Copy supplied.

Reply Brief, *Arkansas State Police v. Wren*, No. 16-313 (2016). Copy supplied.

Brief in Opposition, *Johnson v. Kelley*, No. 16-6496 (2016). Copy supplied.

Answer to Counterclaim, *Arkansas v. Delaware*, No. 22O146 (2016). Copy supplied.

Petition for Writ of Certiorari, *Arkansas State Police v. Wren*, No. 16-313 (2016). Copy supplied.

Motion for Leave to File Bill of Complaint, *Arkansas v. Delaware*, No. 22O146 (2016). Copy supplied.

Reply in Support, *West Virginia v. United States Environmental Protection Agency*, No. 15A773 (2016). Copy supplied.

Application for Immediate Stay, *West Virginia v. United States Environmental Protection Agency*, No. 15A773 (2016). Copy supplied.

Reply to Brief in Opposition, *Beck v. Edwards*, No. 15-448 (2015). Copy supplied.

Petition for Writ of Certiorari, *Kelley v. Gordon*, No. 15-741 (2015). Copy supplied.

Petition for Writ of Certiorari, *Beck v. Edwards*, No. 15-448 (2015). Copy supplied.

I also believe I appeared on the following filings, which I have not yet been able to locate.

Response in Opposition, *Johnson v. Kelley*, No. 16A336 (2017).

Brief of Respondent Arkansas in Opposition, *Jones v. Arkansas*, No. 16-8814 (2017).

Response to Application, *Lee v. Jegley*, No. 16A1017 (2017).

Response to Application, *Lee v. Arkansas*, No. 16A1013 (2017).

Response to Application, *Johnson v. Kelley*, No. 16A986 (2017).

17. **Litigation**: Describe the ten (10) most significant litigated matters which you personally handled, whether or not you were the attorney of record. Give the citations, if the cases were reported, and the docket number and date if unreported. Give a capsule summary of the substance of each case. Identify the party or parties whom you represented; describe in detail the nature of your participation in the litigation and the final disposition of the case. Also state as to each case:

    a.  the date of representation;

    b.  the name of the court and the name of the judge or judges before whom the case was litigated; and

    c.  the individual name, addresses, and telephone numbers of co-counsel and of principal counsel for each of the other parties.

1.  *Haas v. Martin*, 60CV-18-752 (Pulaski County, Arkansas).

    Pulaski County Circuit Court, Arkansas.  Judge Alice Gray.  February 2018 – July 2018.

    I represented the State Board of Election and its members against a state constitutional challenge to Arkansas's voter identification system. The state trial court concluded the system contravened Arkansas's constitution and entered a preliminary injunction.  The Arkansas Supreme Court stayed the trial court's injunction and ultimately reversed it.  *Martin v. Haas*, 2018 Ark. 283.  The Court concluded the voter identification system did not violate the Arkansas constitution. On remand, the plaintiff dismissed his claims with prejudice.

    I supervised this litigation at the state trial court and Arkansas Supreme Court. I heavily revised drafts of our motion to dismiss and preliminary injunction papers. I coordinated discovery.  I prepared witnesses for testimony at a preliminary injunction hearing.  I assisted lawyers from our office in preparing cross-examination questions.  I supervised the preparation of witness affidavits.  I directed associate counsel in conducting the preliminary injunction hearing.  I argued some evidentiary issues and a question related to the presence or absence of party witnesses in the courtroom.  I drafted significant portions of our stay motion to the Arkansas Supreme Court, and heavily revised the other portions.  I left the Solicitor General Role before merits briefing and oral argument.

    Co-Counsel:

    Dylan Jacobs
    Arkansas Attorney General's Office
    323 Center Street
    Little Rock, Arkansas 72201
    501-304-5527

    AJ Kelly
    P.O. Box 251570
    Little Rock, Arkansas 72225
    501-374-0400

    Principal Counsel for Plaintiff:

    Jeff Priebe
    James, Carter & Priebe, LLP
    500 Broadway, Suite 400
    Little Rock, Arkansas, 722201
    501-372-1414

2.  *Kelley v. Johnson,* 2016 Ark. 268.

Arkansas Supreme Court.  Chief Justice Howard Brill and Justices Paul Danielson, Karen Baker, Courtney Goodson, Josephine Hart, Rhonda Wood, Robin Wynne.  July 2015 – April 2017.

Nine death row prisoners brought multiple claims alleging that the manner in which Arkansas intended to carry out their death sentences violated the State Constitution and state law.  *Johnson v. Kelley,* 60CV-15-2921 (Pulaski County, Arkansas).  They also requested stays of scheduled executions.  I represented the Director of the Arkansas Department of Correction.

The state trial court entered what it called a preliminary injunction prohibiting the scheduled executions.  The Arkansas Supreme Court concluded that the state trial court did not have the authority to enter what amounted to a stay of execution. Nonetheless, the Arkansas Supreme Court entered its own stay of execution.  *See Wendy Kelley, et al. v. the Hon. Wendell Griffen,* 2015 Ark. 375.  The trial court largely denied defendant's motion to dismiss.  The trial court granted partial summary judgment for the plaintiffs (on a contracts clause claim regarding disclosure of execution drug information) and denied the defendant's motion for summary judgment on all claims.  The Arkansas Supreme Court stayed the case.  The Court ultimately reversed the trial court on all claims, and ordered the case dismissed.  The United States Supreme Court denied certiorari.  On remand, the state trial court dismissed the case with prejudice.

I supervised the litigation in the state trial court, including significantly revising our motion to dismiss, motion for summary judgment, and stay opposition papers.  I drafted large portions of our stay and merits briefing in the Arkansas Supreme Court, and heavily edited those portions I did not draft.  I presented oral argument at the Arkansas Supreme Court.  I drafted most portions of the United States Supreme Court papers—oppositions to time extensions, stay applications, and certiorari.  *Stacey Johnson, et al. v. Wendy Kelley, et al.,* 137 S. Ct. 1067, 16A336, 16A986, 16-6496.  I reviewed and heavily revised the portions of the United States Supreme Court papers I did not draft.  When the case returned to the state trial court, I litigated the case until it was dismissed with prejudice.

Co-Counsel:

Nicholas Bronni
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
202-904-6690

Jennifer Merritt
Arkansas Attorney General's Office

323 Center Street
Little Rock, Arkansas 72201
501-554-1725

Colin Jorgenson
Association of Arkansas Counties
1415 West Third Street
Little Rock, Arkansas 72201
501-749-6318

David Curran
University of Arkansas Office of General Counsel
University of Arkansas System
2404 North University Avenue
Little Rock, Arkansas 7220
501-686-2536

Principal Counsel for Plaintiffs:

Scott Braden
John Williams
Office of the Federal Public Defender
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
501-324-6114

Jeffrey Rosenzweig
300 South Spring Street
Little Rock, Arkansas 72201
501-372-5247

Lee Short
Short Law Firm
425 West Broadway Street
North Little Rock, Arkansas 72114
501-766-2207

3. *McGehee, et al. v. Hutchinson, et al.*, 2017 WL 1399554, Case No. 4:17-cv-00179KGB

Federal District Court for the Eastern District of Arkansas. Judge Kristine Baker.
March 2017 – June 2018.

Three weeks before their scheduled execution, 9 death row prisoners challenged, *inter alia*, Arkansas's lethal injection protocol and Arkansas's execution schedule as a violation of the Eighth Amendment, due process, and/or other constitutional and

37

statutory protections.  I represented Arkansas Governor Asa Hutchinson and Wendy Kelley in her official capacity as the Director of the Arkansas Department of Correction.

The prisoners asked for a preliminary injunction / stays of execution.  There was significant expedited discovery, motion to dismiss briefing, preliminary injunction/stay briefing and a four-day hearing at which numerous witnesses (some lay, some expert) testified.  I supervised and directed this litigation, with the assistance of several other lawyers from the Attorney General's Office.  I significantly revised expedited discovery motions/responses drafted by others.  I argued discovery issues in front of Judge Baker.  I supervised the discovery process for our side of the litigation.  I assisted in the preparation of three witnesses for direct testimony.  I conducted cross-examination of two expert witnesses.  I conducted the opening/closing arguments.  I provided strategic guidance and direction to associate counsel in their questioning of other witnesses.  I provided direction for, drafted large parts of, and heavily revised the remainder of our motion to dismiss and preliminary injunction/stay briefing.

The district court granted a preliminary injunction/stay with respect to Plaintiffs' claim that the three-drug midazolam protocol constituted cruel and unusual punishment and thus violated the Eighth Amendment.  The Eighth Circuit vacated the injunction/stay.  *See McGeehee v. Hutchinson*, 854 F.3d 488 (8th Cir. 2017) (en banc).  The United States Supreme Court denied Plaintiffs' stay application and denied certiorari.  *See McGeehee v. Hutchinson*, 137 S. Ct. 1275 (2017).  I provided direction for, drafted parts of, and revised our Eighth Circuit and United States Supreme Court briefing.  After four of the eight scheduled April 2017 executions went forward, I transferred this litigation to another lawyer in our office, though I continued to review briefing and supervise strategy decisions until I left the Solicitor General role in July of 2018.

Co-Counsel:

Nicholas Bronni
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
202-904-6690

Christine Cryer
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
501-350-0683

Ka Tina Guest
Arkansas Attorney General's Office

323 Center Street
Little Rock, Arkansas 72201
501-682-1307

Jennifer Merritt
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
501-554-1725

Colin Jorgenson
Association of Arkansas Counties
1415 West Third Street
Little Rock, Arkansas 72201
501-749-6318

Principal Counsel for Plaintiffs:

Scott Braden
Office of the Federal Public Defender
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
501-324-6114

John Williams
Office of the Federal Public Defender
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
501-324-6114

Jeffrey Rosenzweig
300 South Spring Street
Little Rock, Arkansas 72201
501-372-5247

Lee Short
Short Law Firm
425 West Broadway Street
North Little Rock, Arkansas 72114
501-766-2207

4. *Lewis v. State*, 2017 Ark. 211.

Arkansas Supreme Court. Chief Justice Dan Kemp and Justices Karen Baker,
Courtney Goodson, Josephine Hart, Rhonda Wood, Robin Wynne, and Shawn
Womack. January 2017 – August 2017.

Arron Lewis kidnapped and murdered a real estate agent after posing as a potential home buyer. Lewis appealed his conviction, arguing that numerous different pieces of evidence should have been suppressed. The State filed a cross-appeal, disputing the lower court's decision to exclude some evidence from Lewis's home and car. I represented the State of Arkansas. The Arkansas Supreme Court affirmed Lewis's conviction and dismissed the State's cross-appeal.

I reviewed and revised the briefing at the Arkansas Supreme Court. I presented oral argument at the Arkansas Supreme Court.

Co-counsel:

Adam Jackson
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
870-838-5727

Kathryn Henry
Arkansas Bureau of Legislative Research
1 Capitol Mall
Little Rock, Arkansas 72201
501-682-1937

Opposing counsel:

Bill James, Jr.
James Law Firm
1001 La Harpe Boulevard
Little Rock, Arkansas 72201
501-375-0900

5. *McKesson Medical-Surgical Inc. v. Arkansas*, 60CV-17-1960 (Pulaski County, Arkansas).

Pulaski County Circuit Court, Arkansas. Judge Alice Gray. April 2017 – April 2018.

A pharmaceutical distributer, McKesson, brought multiple claims against the State of Arkansas, cumulatively alleging that state officials improperly obtained drugs from McKesson that the State planned to use in scheduled lethal injection executions. McKesson asked the state trial court to enter a temporary restraining order / preliminary injunction against use of these drugs in the scheduled executions. I represented the State of Arkansas, the Arkansas Department of Correction, the Governor and the Director of the Arkansas Department of Correction.

The first trial judge assigned to the case (the Hon. Wendell Griffen) entered an *ex parte* temporary restraining order. *McKesson Medical-Surgical Inc v. Arkansas*, 60CV-17-1921 (Pulaski County, Arkansas). Shortly thereafter, McKesson dismissed that case and the Arkansas Supreme Court removed Judge Griffen from all cases involving executions or the death penalty. McKesson filed a new complaint, again seeking injunctive relief. The new trial judge (the Hon. Alice Gray) granted the requested preliminary injunctive relief. After an emergency request from the State and briefing from both parties, the Arkansas Supreme Court vacated the injunction. *Arkansas v. McKesson Medical-Surgical Inc.*, CV-17-317 (Ark. 2017). Eventually, because the drugs were used in executions and the remainder of the drugs expired, the Arkansas Supreme Court dismissed the case as moot at the joint request of both parties. 2018 Ark. 154.

I ran this litigation. At the state trial court, I drafted significant portions of our motion for change of venue, motion to dismiss, and opposition to a preliminary injunction. I directed and heavily revised the portions I did not draft. I prepared our clients and witnesses for testimony at the preliminary injunction hearing. I argued some legal/evidentiary issues at the hearing. I conducted closing arguments. I drafted and revised cross-examination questions. I supervised associate counsel in questioning witnesses. At the Arkansas Supreme Court, I drafted significant portions of our multiple emergency writ petitions and our multiple stay briefing. I directed and heavily revised the portions I did not draft.

Co-Counsel:

Nicholas Bronni
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
202-904-6690

Colin Jorgenson
Association of Arkansas Counties
1415 West Third Street
Little Rock, Arkansas 72201
501-749-6318

Principal Counsel for McKesson:

Steve Quattlebaum
Quattlebaum, Grooms, & Tull
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
501-379-1707

John Tull

Quattlebaum, Grooms, & Tull
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
501-379-1705

6. *Pavan et al. v. Smith*, 582 U.S. ___ (2017).

United States Supreme Court. Chief Justice Roberts and Justices Kennedy, Thomas, Ginsburg, Breyer, Alito, Sotomayor, Kagan, and Gorsuch. July 2015 – March 2018.

Three same-sex female married couples brought a § 1983 suit against the Director of the Arkansas Department of Health. The couples were seeking declaratory and injunctive relief that would require Arkansas to (1) apply the presumption of paternity to a female spouse of a birth mother, and (2) thus automatically place the female spouse of a birth mother on the original birth certificate of the child without need for adoption or a court order. I represented the Director of the Arkansas Department of Health, who is responsible for issuing birth certificates.

The state trial court granted summary judgment in favor of the couples and ordered the three spouses to be placed on the birth certificates. *Pavan v. Smith*, 60CV-15-3153 (Pulaski County, Arkansas). The Arkansas Supreme Court stayed the trial court's order and reversed on appeal. *Smith v. Pavan*, 2016 Ark. 437. The United States Supreme Court granted the couples' petition for a writ of certiorari and summarily reversed the Arkansas Supreme Court. On remand, the Arkansas Supreme Court acknowledged the binding nature of the United States Supreme Court's ruling. But the Court noted that even under this ruling the state trial court went too far by unilaterally rewriting major portions of the state birth certificate statute. So, to that extent, the Arkansas Supreme Court vacated the state trial court's summary judgment ruling and remanded the case for further proceedings. Ultimately, the state trial court issued an order requiring the State to place female spouses of birth mothers on birth certificates on the same terms as the State would place male spouses of birth mothers on birth certificates.

I reviewed and revised the summary judgment papers in the state trial court. I drafted portions of the stay briefing and the merits briefing in the Arkansas Supreme Court. I heavily revised the portions I did not draft. I conducted oral argument in the Arkansas Supreme Court. I reviewed and revised our brief in opposition to certiorari in the United States Supreme Court. On remand to the Arkansas Supreme Court, I drafted our papers concerning actions for that court to take on remand. On remand to the state trial court, I drafted papers (1) concerning how to proceed given the higher court rulings, and (2) with respect to mediation ordered by the state trial court.

Co-Counsel:

Colin Jorgenson
Association of Arkansas Counties

Little Rock, Arkansas 72201
501-749-6318

Jennifer Merritt
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
501-554-1725

Dylan Jacobs
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
501-304-5527

Nicholas Bronni
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
202-904-6690

Monty Baugh
Alleviant Health Centers, Medical Tower 2
9501 Baptist Health Dr. #940
Little Rock, Arkansas 72205
501-690-5086

Principal Counsel for Plaintiffs:

Cheryl Maples
P.O. Box 59
Heber Springs, Arkansas 72543

Douglas Hallward-Driemeier
Ropes & Gray LLP
2099 Pennsylvania Avenue N.W.
Washington, District of Columbia 20006
202-508-4600

7. *Planned Parenthood of Arkansas & Eastern Oklahoma v. Gillespie*, 867 F.3d 1034
   (8th Cir. 2017).

   United States Court of Appeals for the Eighth Circuit. Judges Stephen Colloton,
   Bobby Shepherd, and Michael Melloy. September 2015 – December 2017.

This case concerned whether 42 U.S.C. § 1396a(a)23 affords patients and/or providers a private right of action to challenge a State's decision to terminate a provider from its Medicaid program for (disputed) misconduct. There were additional constitutional claims brought by the Plaintiffs, but they were not litigated in the first round of preliminary injunction litigation. I represented the Director of the Arkansas Department of Human Services in both the federal district court and the federal court of appeal.

The district court concluded that the patient Plaintiffs (not the provider) had a private right of action under the statute in question. The district court entered a preliminary injunction requiring the State to continue treating Planned Parenthood as part of the Medicaid program. *Planned Parenthood Arkansas & Eastern Oklahoma et al. v. Selig*, 2015 WL 13710046. The Eighth Circuit vacated that decision, concluding that 42 USC § 1396a(a)23 gives neither the provider nor the patients a private right of action. On remand, Plaintiffs requested a preliminary injunction based on their constitutional claims. The district court denied that request.

I ran this litigation for about two years. I drafted most of our motion to dismiss and temporary restraining order / preliminary injunction papers. The parts drafted by another attorney were heavily and substantively revised by me. I drafted several motions pertaining to expedited discovery. I drafted discovery-related questions and documents addressed to the Plaintiffs, and I supervised my client's response to discovery. I supervised potential witnesses in the drafting of affidavits. I argued discovery motions. I argued the motion to dismiss and preliminary injunction issues. I drafted papers related to (and argued) the question of whether a class action should be certified. I drafted the appellate briefs in this case and conducted oral argument at the Eighth Circuit. After the Eighth Circuit vacated the injunction and remanded the case for further proceedings, I transferred the case to my deputy.

Co-Counsel:

David Sterling
Chief Counsel, Arkansas Department of Human Services
P.O Box 1437 – Slot S260
Little Rock, Arkansas 72203
501-320-6355

Charles Lyford
Managing Attorney, Arkansas Department of Career Education Department
900 West Seventh Street
Little Rock, Arkansas 72201
501-682-2286

Mindy Pipkin
University of Central Arkansas Office of General Counsel and Compliance,
Wingo Hall 207

University of Central Arkansas
201 Donaghey Avenue
Conway, Arkansas 72035
501-450-3247

Principal Counsel for Opposing Parties:

Jennifer Sandman
Planned Parenthood Federation of America
123 William Street, Floor 9
New York, New York 10038
212-261-4584

Bettina Brownstein
200 West Capitol Avenue
Little Rock, Arkansas 72201
501-371-0808

8. *Protect Fayetteville vs. City of Fayetteville*, 2017 Ark. 49.

Arkansas Supreme Court. Chief Justice Dan Kemp and Justices Karen Baker,
Courtney Goodson, Josephine Hart, Rhonda Wood, Robin Wynne, and Shawn
Womack. November 2015 – June 2018.

Private plaintiffs and (as an intervenor) the State of Arkansas claimed that a City's
newly adopted anti-discrimination ordinance was preempted by state law. The City
of Fayetteville argued that the ordinance was consistent with, and thus not preempted
by, state law. The City also claimed that the applicable state law violated the Equal
Protection clause of the United States Constitution. During the case, the existence
and scope of legislative and executive privilege also became a significant legal
question. I represented the State of Arkansas, a plaintiff-intervenor.

The City prevailed in the trial court. *Protect Fayetteville v. City of Fayetteville*, Case
No. 72CV-15-1510. The court granted summary judgment for the City, concluding
that the ordinance did not conflict with the state law. The state trial court did not
reach the City's claim that the state law was unconstitutional. On appeal, the
Arkansas Supreme Court concluded (1) that the ordinance was preempted by the state
law at issue, and (2) the City had failed to preserve the constitutional issue. The
Supreme Court reversed and remanded the case.

When the case came back to the state trial court, the trial court did not enter final
judgment for the Plaintiffs. Instead, the court allowed the City to amend its answer
and allowed a new entity to intervene in the case and file a counter-claim alleging the
state law at issue was unconstitutional. The court also allowed for discovery that the
State argued would violate legislative and executive privilege. The State asked for a
preliminary injunction to enjoin the ordinance during the remaining litigation. The

trial court denied the motion, and the State appealed. After staying the lower court proceedings, the Arkansas Supreme Court dismissed the entire case. *Protect Fayetteville v. City of Fayetteville*, 2019 Ark. 28, 2019 Ark. 30.

I supervised and participated in the litigation of this matter in state trial court. A lawyer from our Civil Department drafted the intervention papers and part of the motion to dismiss briefing (which was converted by the Judge to a summary judgment motion). I directed and then reviewed and substantially revised that briefing. I also was the primary drafter of portions of the brief in support and most of the reply brief on our motion to dismiss/motion for summary judgment. I drafted the State's opening and reply briefs to the Arkansas Supreme Court. I also presented oral argument to the Arkansas Supreme Court.

On remand, I reviewed and revised numerous papers. I was the primary drafter of the State's preliminary injunction motion. I provided strategic guidance, direction, and revisions to motions to quash discovery requests from opposing counsel. I supervised my deputy's conduct of a preliminary injunction and discovery hearing. I directed and heavily revised the State's request for the Arkansas Supreme Court to stay the case and accept an immediate appeal. On appeal to the Arkansas Supreme Court, I drafted the opening and reply briefs on the preliminary injunction issue. I also provided strategic guidance, direction and revisions to the briefing on the discovery issues. I left the Solicitor General role prior to oral argument of these issues.

Co-Counsel:

Nicholas Bronni
Arkansas Attorney General's Office
323 Center Street
Little Rock, Arkansas 72201
202-904-6690

Colin Jorgenson
Association of Arkansas Counties
1415 West Third Street
Little Rock, Arkansas 72201
501-749-6318

Travis Story
Story Law Firm
438 East Millsap Road, Unit 103
Fayetteville, Arkansas 72703
479-443-3700

Principal Counsel for Opposing Parties:

Kit Williams

46

Fayetteville City Attorney
City Administration Building
113 West Mountain Street, Suite 302
Fayetteville, Arkansas 72701
479-575-8313

Holly Dickson
ACLU of Arkansas
904 West Second Street, Suite 1
Little Rock, Arkansas 72201
501-374-2842

Garrard Beeney
Sullivan & Cromwell, LLP
125 Broad Street
New York, New York 10004
212-558-3737

9.  *Rodgers v. Bryant*, 301 F.Supp.3d 928 (E.D. Ark. Sept. 2017).

Federal District Court for the Eastern District of Arkansas. Judge Billy Roy Wilson.
August 2017 – June 2018.

Two plaintiffs challenged an Arkansas law prohibiting aggressive or dangerous
panhandling.  They claimed the law violated the First and Fourteenth Amendment of
the United States Constitution. Specifically, they claimed the law prohibited/chilled
their speech. I represented Colonel Bryant, Director of the Arkansas State Police.
The district court preliminarily enjoined the law.  The district court case is stayed, and
the injunction is currently on appeal at the Eighth Circuit.

I provided direction for, and heavily revised, the motion to dismiss, the opposition to
a motion for preliminary injunction, and associated court papers.  I helped prepare our
witnesses for testimony at the preliminary injunction hearing.  I cross-examined the
two plaintiffs at the preliminary injunction hearing.  I argued several legal issues at
the same hearing.  I provided direction for and review of portions our Eighth Circuit
briefing, before I left the Solicitor General role.

Co-Counsel:

Dylan Jacobs
Office of the Arkansas Attorney General
323 Center Street
Little Rock, Arkansas 72201
501-304-5527

Monty Baugh

47

Alleviant Health Centers, Medical Tower 2
9501 Baptist Health Drive #940
Little Rock, Arkansas 72205
501-690-5086

Delena Hurst
Arkansas State University System
501 Woodlane Drive, Suite 600
Little Rock, Arkansas 72201
501-660-1009

Principal Counsel for Opposing Parties:

Bettina E. Brownstein
200 West Capitol Avenue
Little Rock, Arkansas 72201
501-371-0808

Katherine Stephens
KCS Law, PLLC
111 Center Street, Suite 1200
Little Rock, Arkansas 72202
501-244-9289

10. *Ward v. State*, 2018 Ark. 59.

Arkansas Supreme Court. Chief Justice Kemp and Justices Karen Baker, Courtney
Goodson, Josephine Hart, Rhonda Wood, Robin Wynne, and Shawn Womack. April
2017 – June 2018.

Mr. Ward, a death row inmate, requested that the Arkansas Supreme Court recall the
mandate in his case and reexamine his claim that his death sentence was
unconstitutional under *Ake v. Oklahoma* and *McWilliams v. Dunn*. The underlying
*Ake* violation, according to Mr. Ward, was lack of an independent defense expert on
the issue of competency. I represented the State of Arkansas.

The Arkansas Supreme Court stayed Mr. Ward's executions, accepted full briefing
and oral argument on the motion, and then denied recall. I directed and revised the
briefing on the motion to recall the mandate. I presented oral argument. I drafted
several post-decision procedural motions and responses at the Arkansas Supreme
Court. After I left the role of Solicitor General, Mr. Ward unsuccessfully sought
certiorari in the United States Supreme Court.

Co-Counsel:

Brad Newman

Office of the Arkansas Attorney General
323 Center Street
Little Rock, Arkansas 72201
501-682-3650

Principal Counsel for Mr. Ward:

Scott Braden
Office of the Federal Public Defender,
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
501-324-6114

April Golden
Office of the Federal Public Defender,
1401 West Capitol, Suite 490
Little Rock, Arkansas 72201
501-324-6114

18. **Legal Activities**:  Describe the most significant legal activities you have pursued,
including significant litigation which did not progress to trial or legal matters that did not
involve litigation.  Describe fully the nature of your participation in these activities.  List
any client(s) or organization(s) for whom you performed lobbying activities and describe
the lobbying activities you performed on behalf of such client(s) or organizations(s).
(Note: As to any facts requested in this question, please omit any information protected
by the attorney-client privilege.)

I have not performed lobbying on behalf of any client in my career.  At Walmart, one of
my roles as in-house counsel was to counsel our lobbying team on applicable laws and
regulations.

At Kirkland & Ellis, LLP, I was one of numerous lawyers representing British Petroleum
in the Deepwater Horizon litigation.  Most of my role was outside the courtroom.
Among other activities, I prepared expert and lay witnesses for deposition and trial, I
prepared examination questions for use at trial, I defended depositions, I assisted in the
taking of depositions, I supervised the preparation of expert reports, I significantly
participated in discovery and document review, I wrote memoranda on different aspects
of response and cleanup activities, and I reviewed and revised draft
presentations/statements to governments, the industry, and media.

I assisted in the representation of *Siemens* in litigation related to the Kaprun Ski Train
Accident in Austria.  I drafted significant portions of motions to dismiss, motions to
disqualify counsel, and appellate briefing.  I concentrated primarily on the *forum non
conveniens* doctrine.  This litigation was in federal district court and the Second Circuit.

I assisted in the representation of the Air Conditioning, Heating, and Refrigeration Institute. I drafted significant portions of a brief to the Second Circuit, defending the Furnace Rule published by the Department of Energy in 2007.

I assisted in the representation of the Alliance of Automobile Manufacturers, the National Automobile Dealers Association, and individual dealerships. Our clients were primarily challenging certain states' motor vehicle greenhouse gas standards as preempted by the Clean Air Act and the Energy Policy Conservation Act. I prepared responses to motions to dismiss, motions for summary judgment, and appellate briefing in numerous federal jurisdictions across the county. I supervised our clients in their preparations of affidavits.

I reviewed all Attorney General Opinions prior to their release. My job was to sign off on the Opinions, or to revise them if necessary. After my sign-off, the Opinion would go to the Chief Deputy Attorney General for review and subsequently to the Attorney General for review.

I reviewed and revised approximately 500 briefs of attorneys from the Civil Department and the Criminal Department. I also conducted approximately 70 moot courts to prepare lawyers in the office for oral arguments.

In my role as in-house counsel for political campaigns, I spent the bulk of my time supervising the training and preparation of poll watchers, preparing for potential election period and recount litigation, and ensuring compliance with elections law in various states throughout the country. In my role as in-house counsel for Walmart, aside from providing legal counsel to our lobbyists, I primarily reviewed statements to press for accuracy and legal propriety.

19. **Teaching**: What courses have you taught? For each course, state the title, the institution at which you taught the course, the years in which you taught the course, and describe briefly the subject matter of the course and the major topics taught. If you have a syllabus of each course, provide four (4) copies to the committee.

Creation of the Constitution, University of Arkansas School of Law (Spring 2018). This course focused in detail on the debates at the Constitutional Convention of 1787 and the ratification debates between the federalists and anti-federalists. Syllabus supplied.

Appellate Advocacy, University of Arkansas School of Law (Fall 2017). This course focused on refining brief-writing skills and oral advocacy. Students learned to identify common errors in brief writing and to persuasively revise each portion of a brief. Each student also prepared and presented two oral arguments. Syllabus supplied.

Federal Courts, University of Arkansas School of Law (Spring 2017). This course focused on difficult issues of federal jurisdiction, including Article III case or controversy requirements, federal question jurisdiction, diversity jurisdiction, the *Erie* doctrine and federal common law, sovereign immunity, § 1983 actions, *Bivens* actions, and abstention doctrines. Syllabus supplied.

Environmental Law and Regulation, George Mason University Antonin Scalia Law School (Spring 2009). This course focused on major environmental laws, regulations, and Supreme Court cases, including the Clean Water Act, the Clean Air Act, NEPA, and associated regulations and caselaw. I do not have a syllabus.

20. **Deferred Income/ Future Benefits**: List the sources, amounts and dates of all anticipated receipts from deferred income arrangements, stock, options, uncompleted contracts and other future benefits which you expect to derive from previous business relationships, professional services, firm memberships, former employers, clients or customers. Describe the arrangements you have made to be compensated in the future for any financial or business interest.

Part of my employment package at Walmart is restricted stock. However, none of this stock has vested.

21. **Outside Commitments During Court Service**: Do you have any plans, commitments, or agreements to pursue outside employment, with or without compensation, during your service with the court? If so, explain.

I have no plans, commitments, or agreements to pursue outside employment during my service with the court. I would like to teach a law school course if and when time permits.

22. **Sources of Income**: List sources and amounts of all income received during the calendar year preceding your nomination and for the current calendar year, including all salaries, fees, dividends, interest, gifts, rents, royalties, licensing fees, honoraria, and other items exceeding $500 or more (if you prefer to do so, copies of the financial disclosure report, required by the Ethics in Government Act of 1978, may be substituted here).

When my nomination is submitted to the Senate, I will file my mandated Financial Disclosure Report and provide a copy to this Committee.

23. **Statement of Net Worth**: Please complete the attached financial net worth statement in detail (add schedules as called for).

See attached Net Worth Statement.

24. **Potential Conflicts of Interest**:

a. Identify the family members or other persons, parties, categories of litigation, and financial arrangements that are likely to present potential conflicts-of-interest when you first assume the position to which you have been nominated. Explain how you would address any such conflict if it were to arise.

If confirmed, I will recuse myself in any litigation where I have ever played a

role. I will evaluate any other real or potential conflict, or relationship that could give rise to the appearance of conflict, on a case-by-case basis and determine appropriate action (up to and including recusal) with the advice of parties, their counsel, and the applicable laws, rules, canons, codes, and practices.

If confirmed, I will recuse from all cases involving Walmart for a reasonable amount of time after I leave the company. Moreover, my wife currently works at Walmart. If she chooses to remain at the company, I will not preside over cases involving Walmart until she leaves the company and a reasonable amount of time then passes.

b. Explain how you will resolve any potential conflict of interest, including the procedure you will follow in determining these areas of concern.

If confirmed, I will review and address any real or potential conflict of interest pursuant to 28 USC 455, Canon 3 of the Code of Conduct for United States Judges, and all other laws, rules, canons, codes, and practices governing such circumstances.

25. **Pro Bono Work**: An ethical consideration under Canon 2 of the American Bar Association's Code of Professional Responsibility calls for "every lawyer, regardless of professional prominence or professional workload, to find some time to participate in serving the disadvantaged." Describe what you have done to fulfill these responsibilities, listing specific instances and the amount of time devoted to each.

Since 2016, I have served as a member and parliamentarian of the Arkansas Advisory Committee to the United State Commission on Civil Rights. The Committee is attempting to study (and suggest ways to potentially mitigate) the disproportionate incarceration of minorities compared to their percentage of the total population in Arkansas. I estimate that I spend two hours per month on this.

I have served as a volunteer moot court judge for the annual appellate advocacy competition at the University of Arkansas School of Law since 2018. I estimate that I spend five hours per year on this.

Since 2014, as a member, board member, and Vice President of Congregation Etz Chaim, I have participated in and helped plan food drives, food packaging days, and charitable activities of this nature. I estimate that I spend five hours per year on this.

I served as the Co-Chairperson of the Arkansas Bar Commission on Diversity from 2016 – 2017. I estimate that I spent one hour per month on this.

I participated in a diversionary Youth Court as a volunteer advisor in Fall 2009. I estimate that I spent 45 minutes per month on this.

I served as a member of the Board of Directors/Governors of Ivy Council, an association of the student governments of the Ivy League that is dedicated to creating positive change for both students and communities, from 2008 – 2012. I estimate that I spent six hours per year on this.

26. **Selection Process**:

    a. Please describe your experience in the entire judicial selection process, from beginning to end (including the circumstances which led to your nomination and the interviews in which you participated). Is there a selection commission in your jurisdiction to recommend candidates for nomination to the federal courts? If so, please include that process in your description, as well as whether the commission recommended your nomination. List the dates of all interviews or communications you had with the White House staff or the Justice Department regarding this nomination. Do not include any contacts with Federal Bureau of Investigation personnel concerning your nomination.

    In April of 2017, Judge Leon Holmes announced he would be taking senior status effective March 31, 2018. Later that year, I indicated to Senator John Boozman and Senator Tom Cotton (or their staff) that I would be interested in the position of United States District Judge for the Eastern District of Arkansas. Between March 2018 and October 2018, on trips I took to D.C. for other business or personal reasons, I met two or three times informally with Senator Cotton's Chief of Staff and General Counsel. On October 18, 2018, I met with Senator Boozman in Rogers, Arkansas. Several days later, I was informed by Senator Cotton's General Counsel that the Senators were putting together a committee of three lawyers to interview candidates.

    On October 29, 2018, I interviewed with the committee for about 30 minutes in Little Rock, Arkansas. On November 6, 2019, I heard from Senator Cotton's General Counsel that the Senators had jointly recommended me to the White House. Either that day or the next day I received an email and a call from the Office of White House Counsel, inviting me to interview. On November 13, 2018, I interviewed in Washington, D.C., with attorneys from the Office of White House Counsel and the Office of Legal Policy. On February 23, 2019, the Office of White House Counsel notified me that I was preliminarily selected for the position. Since that time, I have periodically communicated with individuals in the White House Counsel's Office and the Department of Justice.

    b. Has anyone involved in the process of selecting you as a judicial nominee discussed with you any currently pending or specific case, legal issue or question in a manner that could reasonably be interpreted as seeking any express or implied assurances concerning your position on such case, issue, or question? If so, explain fully.

    No.