# EXHIBIT 3

# Guide to Judiciary Policy

Vol. 2: Ethics and Judicial Conduct
Pt. A: Codes of Conduct

## Ch. 2: Code of Conduct for United States Judges

Introduction

Canon 1:  A Judge Should Uphold the Integrity and Independence of the Judiciary

Canon 2:  A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities

Canon 3:  A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently

Canon 4:  A Judge May Engage in Extrajudicial Activities That Are Consistent With the Obligations of Judicial Office

Canon 5:  A Judge Should Refrain From Political Activity

Compliance with the Code of Conduct

Applicable Date of Compliance

## Introduction

The Code of Conduct for United States Judges was initially adopted by the Judicial Conference on April 5, 1973, and was known as the "Code of Judicial Conduct for United States Judges."  **See:**  JCUS-APR 73, pp. 9-11.  Since then, the Judicial Conference has made the following changes to the Code:

- March 1987:  deleted the word "Judicial" from the name of the Code;
- September 1992:  adopted substantial revisions to the Code;
- March 1996:  revised part C of the Compliance section, immediately following the Code;
- September 1996:  revised Canons 3C(3)(a) and 5C(4);
- September 1999:  revised Canon 3C(1)(c);
- September 2000:  clarified the Compliance section;
- March 2009:  adopted substantial revisions to the Code;
- March 2014:  revised part C of the Compliance section, which appears below, immediately following the Code;

*Last revised* (Transmittal 02-046) *March 12, 2019*

- March 2019:  adopted revisions to Canon 2A Commentary, Canon 3, Canon 3A(3), Canon 3B(4), Canon 3B(4) Commentary, Canon 3B(6), and Canon 3B(6) Commentary.

This Code applies to United States circuit judges, district judges, Court of International Trade judges, Court of Federal Claims judges, bankruptcy judges, and magistrate judges.  Certain provisions of this Code apply to special masters and commissioners as indicated in the "Compliance" section.  The Tax Court, Court of Appeals for Veterans Claims, and Court of Appeals for the Armed Forces have adopted this Code.

The Judicial Conference has authorized its Committee on Codes of Conduct to render advisory opinions about this Code only when requested by a judge to whom this Code applies.  Requests for opinions and other questions concerning this Code and its applicability should be addressed to the Chair of the Committee on Codes of Conduct by email or as follows:

> Chair, Committee on Codes of Conduct
> c/o General Counsel
> Administrative Office of the United States Courts
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Washington, D.C.  20544
> 202-502-1100

Procedural questions may be addressed to:

> Office of the General Counsel
> Administrative Office of the United States Courts
> Thurgood Marshall Federal Judiciary Building
> One Columbus Circle, N.E.
> Washington, D.C. 20544
> 202-502-1100

# Canon 1:  A Judge Should Uphold the Integrity and Independence of the Judiciary

An independent and honorable judiciary is indispensable to justice in our society. A judge should maintain and enforce high standards of conduct and should personally observe those standards, so that the integrity and independence of the judiciary may be preserved.  The provisions of this Code should be construed and applied to further that objective.

COMMENTARY

Deference to the judgments and rulings of courts depends on public confidence in the integrity and independence of judges.  The integrity and independence of judges depend in turn on their acting without fear or favor.  Although judges should be independent, they must comply with the law and should comply with this Code.  Adherence to this responsibility helps to maintain public confidence in the impartiality of the judiciary.  Conversely, violation of this Code diminishes public confidence in the judiciary and injures our system of government under law.

The Canons are rules of reason.  They should be applied consistently with constitutional requirements, statutes, other court rules and decisional law, and in the context of all relevant circumstances.  The Code is to be construed so it does not impinge on the essential independence of judges in making judicial decisions.

The Code is designed to provide guidance to judges and nominees for judicial office.  It may also provide standards of conduct for application in proceedings under the Judicial Councils Reform and Judicial Conduct and Disability Act of 1980 (28 U.S.C. §§ 332(d)(1), 351-364).  Not every violation of the Code should lead to disciplinary action.  Whether disciplinary action is appropriate, and the degree of discipline, should be determined through a reasonable application of the text and should depend on such factors as the seriousness of the improper activity, the intent of the judge, whether there is a pattern of improper activity, and the effect of the improper activity on others or on the judicial system.  Many of the restrictions in the Code are necessarily cast in general terms, and judges may reasonably differ in their interpretation.  Furthermore, the Code is not designed or intended as a basis for civil liability or criminal prosecution.  Finally, the Code is not intended to be used for tactical advantage.

# Canon 2:  A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities

A.      *Respect for Law.*  A judge should respect and comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

B.      *Outside Influence.*  A judge should not allow family, social, political, financial, or other relationships to influence judicial conduct or judgment.  A judge should neither lend the prestige of the judicial office to advance the private interests of the judge or others nor convey or permit others to convey the impression that they are in a special position to influence the judge.  A judge should not testify voluntarily as a character witness.

C.      Nondiscriminatory Membership.  A judge should not hold membership in any organization that practices invidious discrimination on the basis of race, sex, religion, or national origin.

Case 4:21-cv-01239-LPR   Document 27-3   Filed 12/31/21   Page 5 of 21

Guide to Judiciary Policy, Vol. 2A, Ch. 2                                    *Page 4*

COMMENTARY

**Canon 2A.**  An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired.  Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges, including harassment and other inappropriate workplace behavior.  A judge must avoid all impropriety and appearance of impropriety.  This prohibition applies to both professional and personal conduct.  A judge must expect to be the subject of constant public scrutiny and accept freely and willingly restrictions that might be viewed as burdensome by the ordinary citizen.  Because it is not practicable to list all prohibited acts, the prohibition is necessarily cast in general terms that extend to conduct by judges that is harmful although not specifically mentioned in the Code.  Actual improprieties under this standard include violations of law, court rules, or other specific provisions of this Code.

**Canon 2B.**  Testimony as a character witness injects the prestige of the judicial office into the proceeding in which the judge testifies and may be perceived as an official testimonial.  A judge should discourage a party from requiring the judge to testify as a character witness except in unusual circumstances when the demands of justice require.  This Canon does not create a privilege against testifying in response to an official summons.

A judge should avoid lending the prestige of judicial office to advance the private interests of the judge or others.  For example, a judge should not use the judge's judicial position or title to gain advantage in litigation involving a friend or a member of the judge's family.  In contracts for publication of a judge's writings, a judge should retain control over the advertising to avoid exploitation of the judge's office.

A judge should be sensitive to possible abuse of the prestige of office.  A judge should not initiate communications to a sentencing judge or a probation or corrections officer but may provide information to such persons in response to a formal request.  Judges may participate in the process of judicial selection by cooperating with appointing authorities and screening committees seeking names for consideration and by responding to official inquiries concerning a person being considered for a judgeship.

**Canon 2C.**  Membership of a judge in an organization that practices invidious discrimination gives rise to perceptions that the judge's impartiality is impaired.  Canon 2C refers to the current practices of the organization.  Whether an organization practices invidious discrimination is often a complex question to which judges should be sensitive.  The answer cannot be determined from a mere examination of an organization's current membership rolls but rather depends on how the organization selects members and other relevant factors, such as that the organization is dedicated to the preservation of religious, ethnic or cultural values of legitimate common interest to its members, or that it is in fact and effect an intimate, purely private organization whose membership limitations could not be constitutionally prohibited.  *See New York State*

*Club Ass'n. Inc. v. City of New York*, 487 U.S. 1, 108 S. Ct. 2225, 101 L. Ed. 2d 1 (1988); *Board of Directors of Rotary International v. Rotary Club of Duarte*, 481 U.S. 537, 107 S. Ct. 1940, 95 L. Ed. 2d 474 (1987); *Roberts v. United States Jaycees*, 468 U.S. 609, 104 S. Ct. 3244, 82 L. Ed. 2d 462 (1984).  Other relevant factors include the size and nature of the organization and the diversity of persons in the locale who might reasonably be considered potential members.  Thus the mere absence of diverse membership does not by itself demonstrate a violation unless reasonable persons with knowledge of all the relevant circumstances would expect that the membership would be diverse in the absence of invidious discrimination.  Absent such factors, an organization is generally said to discriminate invidiously if it arbitrarily excludes from membership on the basis of race, religion, sex, or national origin persons who would otherwise be admitted to membership.

Although Canon 2C relates only to membership in organizations that invidiously discriminate on the basis of race, sex, religion or national origin, a judge's membership in an organization that engages in any invidiously discriminatory membership practices prohibited by applicable law violates Canons 2 and 2A and gives the appearance of impropriety.  In addition, it would be a violation of Canons 2 and 2A for a judge to arrange a meeting at a club that the judge knows practices invidious discrimination on the basis of race, sex, religion, or national origin in its membership or other policies, or for the judge to use such a club regularly.  Moreover, public manifestation by a judge of the judge's knowing approval of invidious discrimination on any basis gives the appearance of impropriety under Canon 2 and diminishes public confidence in the integrity and impartiality of the judiciary, in violation of Canon 2A.

When a judge determines that an organization to which the judge belongs engages in invidious discrimination that would preclude membership under Canon 2C or under Canons 2 and 2A, the judge is permitted, in lieu of resigning, to make immediate and continuous efforts to have the organization discontinue its invidiously discriminatory practices.  If the organization fails to discontinue its invidiously discriminatory practices as promptly as possible (and in all events within two years of the judge's first learning of the practices), the judge should resign immediately from the organization.

## Canon 3:  A Judge Should Perform the Duties of the Office Fairly, Impartially and Diligently

The duties of judicial office take precedence over all other activities.  The judge should perform those duties with respect for others, and should not engage in behavior that is harassing, abusive, prejudiced, or biased.  The judge should adhere to the following standards:

A.     Adjudicative Responsibilities.

(1)     A judge should be faithful to, and maintain professional competence in, the law and should not be swayed by partisan interests, public clamor, or fear of criticism.

(2)     A judge should hear and decide matters assigned, unless disqualified, and should maintain order and decorum in all judicial proceedings.

(3)     A judge should be patient, dignified, respectful, and courteous to litigants, jurors, witnesses, lawyers, and others with whom the judge deals in an official capacity.  A judge should require similar conduct by those subject to the judge's control, including lawyers to the extent consistent with their role in the adversary process.

(4)     A judge should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law.  Except as set out below, a judge should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If a judge receives an unauthorized ex parte communication bearing on the substance of a matter, the judge should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond, if requested.  A judge may:

(a)     initiate, permit, or consider ex parte communications as authorized by law;

(b)     when circumstances require it, permit ex parte communication for scheduling, administrative, or emergency purposes, but only if the ex parte communication does not address substantive matters and the judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the ex parte communication;

(c)     obtain the written advice of a disinterested expert on the law, but only after giving advance notice to the parties of the person to be consulted and the subject matter of the advice and affording the parties reasonable opportunity to object and respond to the notice and to the advice received; or

(d)     with the consent of the parties, confer separately with the parties and their counsel in an effort to mediate or settle pending matters.

(5)     A judge should dispose promptly of the business of the court.

(6)     A judge should not make public comment on the merits of a matter pending or impending in any court.  A judge should require similar restraint by court personnel subject to the judge's direction and control.  The prohibition on public comment on the merits does not extend to public statements made in the course of the judge's official duties, to explanations of court procedures, or to scholarly presentations made for purposes of legal education.

B.     Administrative Responsibilities.

(1)     A judge should diligently discharge administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court personnel.

(2)     A judge should not direct court personnel to engage in conduct on the judge's behalf or as the judge's representative when that conduct would contravene the Code if undertaken by the judge.

(3)     A judge should exercise the power of appointment fairly and only on the basis of merit, avoiding unnecessary appointments, nepotism, and favoritism.  A judge should not approve compensation of appointees beyond the fair value of services rendered.

(4)     A judge should practice civility, by being patient, dignified, respectful, and courteous, in dealings with court personnel, including chambers staff.  A judge should not engage in any form of harassment of court personnel.  A judge should not retaliate against those who report misconduct.  A judge should hold court personnel under the judge's direction to similar standards.

(5)     A judge with supervisory authority over other judges should take reasonable measures to ensure that they perform their duties timely and effectively.

(6)     A judge should take appropriate action upon receipt of reliable information indicating the likelihood that a judge's conduct contravened this Code, that a judicial employee's conduct contravened the Code of Conduct for Judicial Employees, or that a lawyer violated applicable rules of professional conduct.

C.     Disqualification.

(1)     A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances in which:

(a)     the judge has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(b)     the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or lawyer has been a material witness;

(c)     the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding;

(d)     the judge or the judge's spouse, or a person related to either within the third degree of relationship, or the spouse of such a person is:

(i)     a party to the proceeding, or an officer, director, or trustee of a party;

(ii)     acting as a lawyer in the proceeding;

(iii)     known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or

(iv)     to the judge's knowledge likely to be a material witness in the proceeding;

(e)     the judge has served in governmental employment and in that capacity participated as a judge (in a previous judicial position), counsel, advisor, or material witness concerning the proceeding or has expressed an opinion concerning the merits of the particular case in controversy.

(2)     A judge should keep informed about the judge's personal and fiduciary financial interests and make a reasonable effort to keep informed about the personal financial interests of the judge's spouse and minor children residing in the judge's household.

(3)     For the purposes of this section:

(a)     the degree of relationship is calculated according to the civil law system; the following relatives are within the third degree of relationship:  parent, child, grandparent, grandchild, great grandparent, great grandchild, sister, brother, aunt, uncle, niece, and nephew; the listed relatives include whole and half blood relatives and most step relatives;

(b)     "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(c)     "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, advisor, or other active participant in the affairs of a party, except that:

(i)     ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management of the fund;

(ii)    an office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii)   the proprietary interest of a policyholder in a mutual insurance company, or a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv)    ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities;

(d)     "proceeding" includes pretrial, trial, appellate review, or other stages of litigation.

(4)     Notwithstanding the preceding provisions of this Canon, if a judge would be disqualified because of a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the judge (or the judge's spouse or minor child) divests the interest that provides the grounds for disqualification.

D.    *Remittal of Disqualification.*  Instead of withdrawing from the proceeding, a judge disqualified by Canon 3C(1) may, except in the circumstances specifically set out in subsections (a) through (e), disclose on the record the basis of disqualification.  The judge may participate in the proceeding if, after that disclosure, the parties and their lawyers have an opportunity to confer outside the presence of the judge, all agree in writing or on the record that the judge should not be disqualified, and the judge is then willing to participate.  The agreement should be incorporated in the record of the proceeding.

COMMENTARY

**Canon 3A(3).**  The duty to hear all proceedings fairly and with patience is not inconsistent with the duty to dispose promptly of the business of the court.  Courts can be efficient and businesslike while being patient and deliberate.

The duty under Canon 2 to act in a manner that promotes public confidence in the integrity and impartiality of the judiciary applies to all the judge's activities, including the discharge of the judge's adjudicative and administrative responsibilities.  The duty to be respectful includes the responsibility to avoid comment or behavior that could reasonably be interpreted as harassment, prejudice or bias.

**Canon 3A(4).**  The restriction on ex parte communications concerning a proceeding includes communications from lawyers, law teachers, and others who are not participants in the proceeding.  A judge may consult with other judges or with court personnel whose function is to aid the judge in carrying out adjudicative responsibilities.  A judge should make reasonable efforts to ensure that law clerks and other court personnel comply with this provision.

A judge may encourage and seek to facilitate settlement but should not act in a manner that coerces any party into surrendering the right to have the controversy resolved by the courts.

**Canon 3A(5).**  In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to have issues resolved without unnecessary cost or delay.  A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs.

Prompt disposition of the court's business requires a judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to take reasonable measures to ensure that court personnel, litigants, and their lawyers cooperate with the judge to that end.

**Canon 3A(6).**  The admonition against public comment about the merits of a pending or impending matter continues until the appellate process is complete.  If the

public comment involves a case from the judge's own court, the judge should take particular care so that the comment does not denigrate public confidence in the judiciary's integrity and impartiality, which would violate Canon 2A.  A judge may comment publicly on proceedings in which the judge is a litigant in a personal capacity, but not on mandamus proceedings when the judge is a litigant in an official capacity (but the judge may respond in accordance with Fed. R. App. P. 21(b)).

**Canon 3B(3).**  A judge's appointees include assigned counsel, officials such as referees, commissioners, special masters, receivers, guardians, and personnel such as law clerks, secretaries, and judicial assistants.  Consent by the parties to an appointment or an award of compensation does not relieve the judge of the obligation prescribed by this subsection.

**Canon 3B(4).**  A judge should neither engage in, nor tolerate, workplace conduct that is reasonably interpreted as harassment, abusive behavior, or retaliation for reporting such conduct.  The duty to refrain from retaliation includes retaliation against former as well as current judiciary personnel.

Under this Canon, harassment encompasses a range of conduct having no legitimate role in the workplace, including harassment that constitutes discrimination on impermissible grounds and other abusive, oppressive, or inappropriate conduct directed at judicial employees or others.  See Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 4(a)(2) (providing that "cognizable misconduct includes: (A) engaging in unwanted, offensive, or abusive sexual conduct, including sexual harassment or assault; (B) treating litigants, attorneys, judicial employees, or others in a demonstrably egregious and hostile manner; or (C) creating a hostile work environment for judicial employees") and Rule 4(a)(3) (providing that "cognizable misconduct includes intentional discrimination on the basis of race, color, sex, gender, gender identity, pregnancy, sexual orientation, religion, national origin, age, or disability").

**Canon 3B(6).**  Public confidence in the integrity and impartiality of the judiciary is promoted when judges take appropriate action based on reliable information of likely misconduct.  Appropriate action depends on the circumstances, but the overarching goal of such action should be to prevent harm to those affected by the misconduct and to prevent recurrence.  A judge, in deciding what action is appropriate, may take into account any request for confidentiality made by a person complaining of or reporting misconduct.  See Rules for Judicial-Conduct and Judicial-Disability Proceedings, Rule 4(a)(6) (providing that "cognizable misconduct includes failing to call to the attention of the relevant chief district judge or chief circuit judge any reliable information reasonably likely to constitute judicial misconduct or disability.  A judge who receives such reliable information shall respect a request for confidentiality but shall nonetheless disclose the information to the chief district judge or chief circuit judge, who shall also treat the information as confidential.  Certain reliable information may be protected from disclosure by statute or rule.  A judge's assurance of confidentiality must yield when there is reliable information of misconduct or disability that threatens the safety or security of any person or that is serious or egregious such that it threatens the integrity

and proper functioning of the judiciary.  A person reporting information of misconduct or disability must be informed at the outset of a judge's responsibility to disclose such information to the relevant chief district judge or chief circuit judge.  Reliable information reasonably likely to constitute judicial misconduct or disability related to a chief circuit judge should be called to the attention of the next most-senior active circuit judge.  Such information related to a chief district judge should be called to the attention of the chief circuit judge.").

Appropriate action may include direct communication with the judge or lawyer, other direct action if available, reporting the conduct to the appropriate authorities, or, when the judge believes that a judge's or lawyer's conduct is caused by drugs, alcohol, or a medical condition, making a confidential referral to an assistance program. Appropriate action may also include responding to a subpoena to testify or otherwise cooperating with or participating in judicial or lawyer disciplinary proceedings; a judge should be candid and honest with disciplinary authorities.

**Canon 3C.**  Recusal considerations applicable to a judge's spouse should also be considered with respect to a person other than a spouse with whom the judge maintains both a household and an intimate relationship.

**Canon 3C(1)(c).**  In a criminal proceeding, a victim entitled to restitution is not, within the meaning of this Canon, a party to the proceeding or the subject matter in controversy.  A judge who has a financial interest in the victim of a crime is not required by Canon 3C(1)(c) to disqualify from the criminal proceeding, but the judge must do so if the judge's impartiality might reasonably be questioned under Canon 3C(1) or if the judge has an interest that could be substantially affected by the outcome of the proceeding under Canon 3C(1)(d)(iii).

**Canon 3C(1)(d)(ii).**  The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not of itself disqualify the judge. However, if "the judge's impartiality might reasonably be questioned" under Canon 3C(1), or the relative is known by the judge to have an interest in the law firm that could be "substantially affected by the outcome of the proceeding" under Canon 3C(1)(d)(iii), the judge's disqualification is required.

# Canon 4:  A Judge May Engage in Extrajudicial Activities That Are Consistent With the Obligations of Judicial Office

A judge may engage in extrajudicial activities, including law-related pursuits and civic, charitable, educational, religious, social, financial, fiduciary, and governmental activities, and may speak, write, lecture, and teach on both law-related and nonlegal subjects.  However, a judge should not participate in extrajudicial activities that detract from the dignity of the judge's office, interfere with the performance of the judge's official duties, reflect adversely on the judge's impartiality, lead to frequent disqualification, or violate the limitations set forth below.

A.    Law-related Activities.

   (1)    *Speaking, Writing, and Teaching.*  A judge may speak, write, lecture, teach, and participate in other activities concerning the law, the legal system, and the administration of justice.

   (2)    *Consultation.*  A judge may consult with or appear at a public hearing before an executive or legislative body or official:

      (a)    on matters concerning the law, the legal system, or the administration of justice;

      (b)    to the extent that it would generally be perceived that a judge's judicial experience provides special expertise in the area; or

      (c)    when the judge is acting pro se in a matter involving the judge or the judge's interest.

   (3)    *Organizations.*  A judge may participate in and serve as a member, officer, director, trustee, or nonlegal advisor of a nonprofit organization devoted to the law, the legal system, or the administration of justice and may assist such an organization in the management and investment of funds.  A judge may make recommendations to public and private fund-granting agencies about projects and programs concerning the law, the legal system, and the administration of justice.

   (4)    *Arbitration and Mediation.*  A judge should not act as an arbitrator or mediator or otherwise perform judicial functions apart from the judge's official duties unless expressly authorized by law.

   (5)    *Practice of Law.*  A judge should not practice law and should not serve as a family member's lawyer in any forum.  A judge may, however, act pro se and may, without compensation, give legal advice to and draft or review documents for a member of the judge's family.

B.    *Civic and Charitable Activities.*  A judge may participate in and serve as an officer, director, trustee, or nonlegal advisor of a nonprofit civic, charitable, educational, religious, or social organization, subject to the following limitations:

   (1)    A judge should not serve if it is likely that the organization will either be engaged in proceedings that would ordinarily come before the

judge or be regularly engaged in adversary proceedings in any court.

(2)     A judge should not give investment advice to such an organization but may serve on its board of directors or trustees even though it has the responsibility for approving investment decisions.

C.     *Fund Raising.*  A judge may assist nonprofit law-related, civic, charitable, educational, religious, or social organizations in planning fund-raising activities and may be listed as an officer, director, or trustee.  A judge may solicit funds for such an organization from judges over whom the judge does not exercise supervisory or appellate authority and from members of the judge's family.  Otherwise, a judge should not personally participate in fund-raising activities, solicit funds for any organization, or use or permit the use of the prestige of judicial office for that purpose.  A judge should not personally participate in membership solicitation if the solicitation might reasonably be perceived as coercive or is essentially a fund-raising mechanism.

D.     Financial Activities.

(1)     A judge may hold and manage investments, including real estate, and engage in other remunerative activity, but should refrain from financial and business dealings that exploit the judicial position or involve the judge in frequent transactions or continuing business relationships with lawyers or other persons likely to come before the court on which the judge serves.

(2)     A judge may serve as an officer, director, active partner, manager, advisor, or employee of a business only if the business is closely held and controlled by members of the judge's family.  For this purpose, "members of the judge's family" means persons related to the judge or the judge's spouse within the third degree of relationship as defined in Canon 3C(3)(a), any other relative with whom the judge or the judge's spouse maintains a close familial relationship, and the spouse of any of the foregoing.

(3)     As soon as the judge can do so without serious financial detriment, the judge should divest investments and other financial interests that might require frequent disqualification.

(4)     A judge should comply with the restrictions on acceptance of gifts and the prohibition on solicitation of gifts set forth in the Judicial Conference Gift Regulations.  A judge should endeavor to prevent any member of the judge's family residing in the household from soliciting or accepting a gift except to the extent that a judge would

be permitted to do so by the Judicial Conference Gift Regulations. A "member of the judge's family" means any relative of a judge by blood, adoption, or marriage, or any person treated by a judge as a member of the judge's family.

(5)     A judge should not disclose or use nonpublic information acquired in a judicial capacity for any purpose unrelated to the judge's official duties.

E.     *Fiduciary Activities.*  A judge may serve as the executor, administrator, trustee, guardian, or other fiduciary only for the estate, trust, or person of a member of the judge's family as defined in Canon 4D(4).  As a family fiduciary a judge is subject to the following restrictions:

(1)     The judge should not serve if it is likely that as a fiduciary the judge would be engaged in proceedings that would ordinarily come before the judge or if the estate, trust, or ward becomes involved in adversary proceedings in the court on which the judge serves or one under its appellate jurisdiction.

(2)     While acting as a fiduciary, a judge is subject to the same restrictions on financial activities that apply to the judge in a personal capacity.

F.     *Governmental Appointments.*  A judge may accept appointment to a governmental committee, commission, or other position only if it is one that concerns the law, the legal system, or the administration of justice, or if appointment of a judge is required by federal statute.  A judge should not, in any event, accept such an appointment if the judge's governmental duties would tend to undermine the public confidence in the integrity, impartiality, or independence of the judiciary.  A judge may represent the judge's country, state, or locality on ceremonial occasions or in connection with historical, educational, and cultural activities.

G.     *Chambers, Resources, and Staff.*  A judge should not to any substantial degree use judicial chambers, resources, or staff to engage in extrajudicial activities permitted by this Canon.

H.     *Compensation, Reimbursement, and Financial Reporting.*  A judge may accept compensation and reimbursement of expenses for the law-related and extrajudicial activities permitted by this Code if the source of the payments does not give the appearance of influencing the judge in the judge's judicial duties or otherwise give the appearance of impropriety, subject to the following restrictions:

(1)     Compensation should not exceed a reasonable amount nor should it exceed what a person who is not a judge would receive for the same activity.

(2)     Expense reimbursement should be limited to the actual costs of travel, food, and lodging reasonably incurred by the judge and, where appropriate to the occasion, by the judge's spouse or relative.  Any additional payment is compensation.

(3)     A judge should make required financial disclosures, including disclosures of gifts and other things of value, in compliance with applicable statutes and Judicial Conference regulations and directives.

COMMENTARY

**Canon 4.**  Complete separation of a judge from extrajudicial activities is neither possible nor wise; a judge should not become isolated from the society in which the judge lives.  As a judicial officer and a person specially learned in the law, a judge is in a unique position to contribute to the law, the legal system, and the administration of justice, including revising substantive and procedural law and improving criminal and juvenile justice.  To the extent that the judge's time permits and impartiality is not compromised, the judge is encouraged to do so, either independently or through a bar association, judicial conference, or other organization dedicated to the law.  Subject to the same limitations, judges may also engage in a wide range of non-law-related activities.

Within the boundaries of applicable law (*see, e.g.*, 18 U.S.C. § 953) a judge may express opposition to the persecution of lawyers and judges anywhere in the world if the judge has ascertained, after reasonable inquiry, that the persecution is occasioned by conflict between the professional responsibilities of the persecuted judge or lawyer and the policies or practices of the relevant government.

A person other than a spouse with whom the judge maintains both a household and an intimate relationship should be considered a member of the judge's family for purposes of legal assistance under Canon 4A(5), fund raising under Canon 4C, and family business activities under Canon 4D(2).

**Canon 4A.**  Teaching and serving on the board of a law school are permissible, but in the case of a for-profit law school, board service is limited to a nongoverning advisory board.

Consistent with this Canon, a judge may encourage lawyers to provide pro bono legal services.

**Canon 4A(4).**  This Canon generally prohibits a judge from mediating a state court matter, except in unusual circumstances (*e.g.*, when a judge is mediating a federal matter that cannot be resolved effectively without addressing the related state court matter).

**Canon 4A(5).**  A judge may act pro se in all legal matters, including matters involving litigation and matters involving appearances before or other dealings with governmental bodies.  In so doing, a judge must not abuse the prestige of office to advance the interests of the judge or the judge's family.

**Canon 4B.**  The changing nature of some organizations and their exposure to litigation make it necessary for a judge regularly to reexamine the activities of each organization with which the judge is affiliated to determine if the judge's continued association is appropriate.  For example, in many jurisdictions, charitable hospitals are in court more often now than in the past.

**Canon 4C.**  A judge may attend fund-raising events of law-related and other organizations although the judge may not be a speaker, a guest of honor, or featured on the program of such an event.  Use of a judge's name, position in the organization, and judicial designation on an organization's letterhead, including when used for fund raising or soliciting members, does not violate Canon 4C if comparable information and designations are listed for others.

**Canon 4D(1), (2), and (3).**  Canon 3 requires disqualification of a judge in any proceeding in which the judge has a financial interest, however small.  Canon 4D requires a judge to refrain from engaging in business and from financial activities that might interfere with the impartial performance of the judge's judicial duties.  Canon 4H requires a judge to report compensation received for activities outside the judicial office. A judge has the rights of an ordinary citizen with respect to financial affairs, except for limitations required to safeguard the proper performance of the judge's duties.  A judge's participation in a closely held family business, while generally permissible, may be prohibited if it takes too much time or involves misuse of judicial prestige or if the business is likely to come before the court on which the judge serves.  Owning and receiving income from investments do not as such affect the performance of a judge's duties.

**Canon 4D(5).**  The restriction on using nonpublic information is not intended to affect a judge's ability to act on information as necessary to protect the health or safety of the judge or a member of a judge's family, court personnel, or other judicial officers if consistent with other provisions of this Code.

**Canon 4E.**  Mere residence in the judge's household does not by itself make a person a member of the judge's family for purposes of this Canon.  The person must be treated by the judge as a member of the judge's family.

The Applicable Date of Compliance provision of this Code addresses continued service as a fiduciary.

A judge's obligation under this Code and the judge's obligation as a fiduciary may come into conflict.  For example, a judge should resign as a trustee if it would result in detriment to the trust to divest holdings whose retention would require frequent disqualification of the judge in violation of Canon 4D(3).

**Canon 4F.**  The appropriateness of accepting extrajudicial assignments must be assessed in light of the demands on judicial resources and the need to protect the courts from involvement in matters that may prove to be controversial.  Judges should not accept governmental appointments that could interfere with the effectiveness and independence of the judiciary, interfere with the performance of the judge's judicial responsibilities, or tend to undermine public confidence in the judiciary.

**Canon 4H.**  A judge is not required by this Code to disclose income, debts, or investments, except as provided in this Canon.  The Ethics Reform Act of 1989 and implementing regulations promulgated by the Judicial Conference impose additional restrictions on judges' receipt of compensation.  That Act and those regulations should be consulted before a judge enters into any arrangement involving the receipt of compensation.  The restrictions so imposed include but are not limited to:  (1) a prohibition against receiving "honoraria" (defined as anything of value received for a speech, appearance, or article), (2) a prohibition against receiving compensation for service as a director, trustee, or officer of a profit or nonprofit organization, (3) a requirement that compensated teaching activities receive prior approval, and (4) a limitation on the receipt of "outside earned income."

# Canon 5:  A Judge Should Refrain From Political Activity

A.      *General Prohibitions.*  A judge should not:

      (1)      act as a leader or hold any office in a political organization;

      (2)      make speeches for a political organization or candidate, or publicly endorse or oppose a candidate for public office; or

      (3)      solicit funds for, pay an assessment to, or make a contribution to a political organization or candidate, or attend or purchase a ticket for a dinner or other event sponsored by a political organization or candidate.

B.      *Resignation upon Candidacy.*  A judge should resign the judicial office if the judge becomes a candidate in a primary or general election for any office.

    C.    *Other Political Activity.*  A judge should not engage in any other political activity.  This provision does not prevent a judge from engaging in activities described in Canon 4.

COMMENTARY

The term "political organization" refers to a political party, a group affiliated with a political party or candidate for public office, or an entity whose principal purpose is to advocate for or against political candidates or parties in connection with elections for public office.

## Compliance with the Code of Conduct

Anyone who is an officer of the federal judicial system authorized to perform judicial functions is a judge for the purpose of this Code.  All judges should comply with this Code except as provided below.

    A.    Part-time Judge

A part-time judge is a judge who serves part-time, whether continuously or periodically, but is permitted by law to devote time to some other profession or occupation and whose compensation for that reason is less than that of a full-time judge.  A part-time judge:

    (1)    is not required to comply with Canons 4A(4), 4A(5), 4D(2), 4E, 4F, or 4H(3);

    (2)    except as provided in the Conflict-of-Interest Rules for Part-time Magistrate Judges, should not practice law in the court on which the judge serves or in any court subject to that court's appellate jurisdiction, or act as a lawyer in a proceeding in which the judge has served as a judge or in any related proceeding.

    B.    Judge Pro Tempore

A judge pro tempore is a person who is appointed to act temporarily as a judge or as a special master.

    (1)    While acting in this capacity, a judge pro tempore is not required to comply with Canons 4A(4), 4A(5), 4D(2), 4D(3), 4E, 4F, or 4H(3); further, one who acts solely as a special master is not required to comply with Canons 4A(3), 4B, 4C, 4D(4), or 5.

    (2)    A person who has been a judge pro tempore should not act as a lawyer in a proceeding in which the judge has served as a judge or in any related proceeding.

C.    Retired Judge

A judge who is retired under 28 U.S.C. § 371(b) or § 372(a) (applicable to Article III judges), or who is subject to recall under § 178(d) (applicable to judges on the Court of Federal Claims), or who is recalled to judicial service, should comply with all the provisions of this Code except Canon 4F, but the judge should refrain from judicial service during the period of extrajudicial appointment not sanctioned by Canon 4F.  All other retired judges who are eligible for recall to judicial service (except those in U.S. territories and possessions) should comply with the provisions of this Code governing part-time judges.  However, bankruptcy judges and magistrate judges who are eligible for recall but who have notified the Administrative Office of the United States Courts that they will not consent to recall are not obligated to comply with the provisions of this Code governing part-time judges.  Such notification may be made at any time after retirement, and is irrevocable.  A senior judge in the territories and possessions must comply with this Code as prescribed by 28 U.S.C. § 373(c)(5) and (d).

COMMENTARY

The 2014 amendment to the Compliance section, regarding retired bankruptcy judges and magistrate judges and exempting those judges from compliance with the Code as part-time judges if they notify the Administrative Office of the United States Courts that they will not consent to recall, was not intended to alter those judges' statutory entitlements to annuities, cost-of-living adjustments, or any other retirement benefits.

# Applicable Date of Compliance

Persons to whom this Code applies should arrange their financial and fiduciary affairs as soon as reasonably possible to comply with it and should do so in any event within one year after appointment.  If, however, the demands on the person's time and the possibility of conflicts of interest are not substantial, such a person may continue to act, without compensation, as an executor, administrator, trustee, or other fiduciary for the estate or person of one who is not a member of the person's family if terminating the relationship would unnecessarily jeopardize any substantial interest of the estate or person and if the judicial council of the circuit approves.