IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

THE ARKANSAS STATE CONFERENCE NAACP, *et al.*,   PLAINTIFFS,

v.   Case No. 4:21-cv-01239-LPR

THE ARKANSAS BOARD OF APPORTIONMENT, *et al.*   DEFENDANTS.

## MOTION FOR EXTENSION OF TIME

Pursuant to Local Rule 6.2, Defendants hereby move the Court for (1) an eight-day extension of time to respond and reply to Plaintiffs' Motion for a Preliminary Injunction, to January 21, 2022, and (2) a continuance of the hearing on Plaintiffs' Motion for a Preliminary Injunction, to a date no earlier than February 2, 2022, and in support, state:

1.  The standard for finding liability under Section 2 of the Voting Rights Act is a famously fact-intensive one. As the Supreme Court has held, "the question [of] whether the political processes are 'equally open'" within the meaning of Section 2 "depends upon a searching practical evaluation of the past and present reality." *Thornburg v. Gingles*, 478 U.S. 30, 45 (1986) (some internal quotation marks omitted). Recognizing the fact-intensive nature of that standard, Plaintiffs have filed three expert reports, spanning 888 pages, on the several preconditions for Section 2 liability, and the nine-factor, totality-of-the-circumstances test the Court must consider should it find those preconditions are met. (DE 2-7, 2-8, 2-9; *see Gingles*, 478 U.S. at 36-37, 50-51 (stating the liability standard).) To oppose Plaintiffs' motion, Defendants must offer their own expert testimony on those subjects, which range from demography to advanced statistics and political science. And it will be impossible for Defendants to obtain experts and for those experts to prepare reports (much less for Defendants

to incorporate the substance of those reports into their briefing) by the current response deadline of January 13.  An extension is necessary for Defendants to prepare an adequate response.

2. In addition to the sheer difficulty of preparing a response that would be helpful to the Court by the current deadline, counsel for Defendants have a number of significant preexisting time commitments and deadlines in close proximity to the current response deadline.  Among these, counsel in this case are also counsel for defendants in a two-week, Voting Rights Act trial scheduled to begin on January 18, 2022, in *Christian Ministerial Alliance v. Hutchinson*, No. 4:19-cv-00402-JM (E.D. Ark.), and are preparing a petition for certiorari due January 18, 2022.  Accordingly, Defendants seek a continuance of the hearing until at least after the close of the *Christian Ministerial Alliance* trial.

3. In addition to Defendants' counsel's substantial preexisting time commitments in other cases, Plaintiffs' motion for a preliminary injunction is not the only motion that requires a response in this one.  Today, three days after this case was assigned and thirteen days before Defendants' response to the preliminary injunction motion is currently due, Plaintiffs moved for recusal—a motion Defendants intend to oppose.  The preparation of Defendants' opposition will eat into their response time and supports their request for an extension.

4. Plaintiffs have requested expedited briefing in this case, noting that the last day of the candidate filing period for the 2022 elections is March 1, 2022.  (DE 3 at 39.)  A one-week extension, however, would not prevent the Court from granting relief well in advance of that deadline.  (*See* DE 9 (contemplating that under the existing schedule, the Court would file a decision on the preliminary injunction motion by February 1, 2022).)  And the tight schedule is a problem entirely of the Plaintiffs' making.  The Board of Apportionment adopted the plan Plaintiffs challenge on November 29, 2021 (*see* DE 3 at 10), after proposing it for public

comment on October 29, 2021 (*see* DE 2-6 at 20).  One of the Plaintiffs, Arkansas Public Policy Panel, submitted comments criticizing that proposed plan, and proposing a substitute plan much like the one Plaintiffs propose now, on November 26, 2021.  *Analysis and Comments on Arkansas Board of Apportionment Redistricting Proposal*, Ark. Pub. Pol'y Inst. (Nov. 26, 2021), available at arkansasredistricting.org/wp-content/uploads/2021/11/PC-622.pdf.  And counsel for Plaintiffs submitted separate comments criticizing the Board's proposed plan, along with an alternative map mirroring that proposed in their complaint, on November 26, 2021.  *See* Letter from Gary Sullivan, Legal Dir., Ark. Am. Civil Liberties Union, to Board of Apportionment (Nov. 26, 2021), Exhibit A.  Yet Plaintiffs waited until December 29, 2021—as Plaintiffs note, the date the plan became effective (DE 3 at 4)—to sue.

5.     Defendants have contacted Plaintiffs regarding this motion and Plaintiffs oppose it.

WHEREFORE, for the foregoing reasons, and for good cause shown, Defendants respectfully request that the Court grant the requested extensions.

Dated: December 31, 2021

Respectfully submitted,

_____

LESLIE RUTLEDGE
Arkansas Attorney General

Asher L. Steinberg (2019058)
Assistant Solicitor General
OFFICE OF THE ARKANSAS
ATTORNEY GENERAL
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Tel: (501) 682-1051
Fax: (501) 682-2591
*Counsel for Defendants*