IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **The Arkansas State Conference NAACP**, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>**The Arkansas Board of Apportionment**, et al.,<br><br>Defendants | Case No. 4:21-cv-1239-LPR<br><br>**Plaintiffs' Response in Opposition to the Defendants' Motion for an Extension** |

The plaintiffs respectfully submit this response in opposition to the defendants' motion for an extension. (ECF 30.) The Court should deny the defendants' motion for several reasons.

First, the defendants have already had plenty of time to analyze whether their plan complies with Section 2 of the Voting Rights Act. Compliance with Section 2 has been one of the Board of Apportionment's key redistricting criteria since the beginning—second in rank only to compliance with the one-person-one-vote requirement of the Fourteenth

Amendment.[1] The Board has had the census and election data necessary to analyze compliance for as long or longer than anyone else. The defendants' suggestion here that they have not yet done the necessary analysis is either not credible or an admission that the Board failed to heed its own guidelines. Neither circumstance establishes good cause for delay.

Second, the Arkansas Attorney General's office is capable of handling more than one important matter at a time. Missing from the defendants' motion is any discussion of staffing levels. How many attorneys are assigned to the case set for trial in late January? How many remain who could work on this matter? Could the office retain capable outside counsel as it has in other past voting cases? *See, e.g., Green Party of Ark. v Daniels*, 445 F. Supp. 2d 1056, 1057 (E.D. Ark. 2006) (noting that the Secretary of State was represented by outside counsel). Also missing is any explanation as to how their proposed delay resolves their purported staffing issues. It is not enough simply to say, as the defendants do here, that the Attorney General has assigned one attorney to three overlapping time-sensitive matters. That is at best an

---

[1] https://arkansasredistricting.org/about-the-process/redistricting-criteria-and-goals/

unwise staffing decision. It could also reflect a strategic attempt to delay this case of utmost public importance. In any event, it does not constitute good cause for an extension under these circumstances.

Third, the tight schedule here is not the plaintiffs' fault. The plaintiffs filed this case on the day the challenged plan became effective. Had they filed this case before the plan became effective, the defendants likely would have argued that the case was not yet ripe. *See, e.g., McDaniel v. Sanchez*, 452 U.S. 130 (1982) (holding that it was error for a districting court to consider a challenge to a redistricting plan before the plan became effective). So, in fact, the plaintiffs here have been ultra-diligent in pursuing their claim. But the public comment letter to which the defendants refer in their motion is relevant for an entirely different reason. It shows that the defendants have been on notice of possible litigation for more than a month. If they have failed to prepare for it, that is their own fault.

Fourth, and finally, it is worth noting that the defendants don't dispute any of the timing here. They acknowledge that the Board Plan only became effective on December 29, 2021, and they don't argue that this case was ripe before then. (ECF 30 at 3.) The defendants don't

3

dispute that, to avoid disrupting Arkansas's election calendar, this Court will need to decide the plaintiff's motion for a preliminary injunction "well in advance of" March 1, 2022—the last day of the candidate filing deadline for those elections. (*Id.* at 2.) The expedited schedule set out by the Court appropriately acknowledges the need for a swift resolution here, and the defendants' request for delay runs counter to the public interest.

The defendants' motion ultimately fails to establish good cause for delay or for alteration of the Court's deadlines in any way. Nonetheless, to the extent that the Court's schedule permits, the plaintiffs would be willing to accommodate the defendants' request in part by scheduling a hearing on January 13 and/or 14 to avoid any conflict with the trial in the other matter.

Dated:  January 3, 2022

<div style="margin-left:50%">

Bryan L. Sells (*PHV* Admitted)
Email:  bryan@bryansellslaw.com
THE LAW OFFICE OF
BRYAN L. SELLS, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Tel: (404) 480-4212 (voice and fax)

</div>

| | |
|---|---|
| Gary Sullivan (AR Bar: 92051)<br>Email:  gary@acluarkansas.org<br>ARKANSAS CIVIL LIBERTIES<br>UNION FOUNDATION, INC.<br>904 West 2nd Street<br>Little Rock, AR 72201<br>Tel: (501) 374-2842 | Ceridwen Cherry (*PHV* Admitted)<br>Email:  ccherry@aclu.org<br>AMERICAN CIVIL LIBERTIES<br>UNION, VOTING RIGHTS<br>PROJECT<br>915 15th St NW<br>Washington, DC 20015<br>Tel: (202) 457-0800 |
| Jonathan Topaz (*PHV* Admitted)<br>Email:  jtopaz@aclu.org<br>Sophia Lin Lakin (*PHV Pending*)<br>Email: slakin@aclu.org<br>AMERICAN CIVIL LIBERTIES<br>UNION, VOTING RIGHTS<br>PROJECT<br>125 Broad Street, 18th Floor<br>New York, NY 10004<br>Tel: (212) 549-2500 | Neil Steiner (*PHV* Admitted)<br>Email:  neil.steiner@dechert.com<br>DECHERT LLP<br>Three Bryant Park<br>1095 Avenue of The Americas<br>New York, NY 10036 – 6797<br>(212) 698-3500 | (212) 698-3599 |

|  |  |
|---|---|
|  | Angela Liu (*PHV* Admitted)<br>Email:  angela.liu@dechert.com<br>DECHERT LLP<br>35 West Wacker Drive, Suite 3400<br>Chicago, IL 60601<br>(312) 646-5800 \| (312) 646-5858 |
| Luke Reilly (*PHV* Admitted)<br>Email:  luke.reilly@dechert.com<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104-2808<br>(215) 994-4000 \| (215) 994-2222 | Matthew F. Williams (*PHV* Admitted)<br>Email: matthew.williams@dechert.com<br>DECHERT LLP<br>One Bush Street, Suite 1600<br>San Francisco, CA 94104-4446<br>(415) 262-4500 \| (415) 262-4555 |

*Attorneys for the Plaintiffs*