IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **The Arkansas State Conference NAACP**, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>**The Arkansas Board of Apportionment**, et al.,<br><br>Defendants | Case No. 4:21-cv-1239-LPR<br><br>**Plaintiffs' Reply in Support of Their Motion for Recusal** |

    This motion is not about partisan political affiliation. This motion is about Judge Rudofsky's recent and substantial political support for two named defendants who, as the defendants concede, are also likely to be material witnesses in this case because their actions are relevant here under the applicable law.

    The relevance of those personal actions distinguishes this case from the cases upon which the defendants rely. While this is an official-capacity suit, it is not only an official-capacity suit. Governor Hutchinson

and Attorney General Rutledge were key decisionmakers. If they were to leave office, they would be replaced as defendants but not as material witnesses. No successor in office could testify as to Hutchinson or Rutledge's individual justification or motivation when each voted to adopt the challenged redistricting plan.

While the defendants concede that Hutchinson and Rutledge's justification for the plan "is a potentially relevant factor in this case" ECF 38 at 4), they suggest without authority that the Court would not need to make any credibility determinations as to that testimony. That is plainly wrong. *See* Fed. R. Civ. P. 52(a)(1); *see also, e.g., Jeffers v. Beebe*, 895 F. Supp. 2d 920, 937 (E.D. Ark. 2012) (making credibility determinations as to the testimony of the Arkansas Governor and Attorney General in a redistricting case last cycle); *Jeffers v. Clinton*, 730 F. Supp. 196, 210 (E.D. Ark. 1989) (three-judge district court) ("We find this testimony entirely credible.").

The defendants apparently fail to appreciate the relevance of Hutchinson and Rutledge's testimony. They suggest—again without authority—that, because the plaintiffs have not raised an intent claim, the relevance of Hutchinson and Rutledge's testimony is limited to

whether state interests could have been achieved by other means. (ECF 38 at 4.) Not so. Testimony by Hutchinson or Rutledge could certainly give rise to an intent claim as discovery progresses. In addition, their testimony will be relevant to one of the so-called "Senate Factors" that the Supreme Court has said are relevant in unintentional vote-dilution cases. *See Thornburg v. Gingles* 478 U.S. 30, 45 (1986) (evidence regarding the policy underlying the challenged practice "may have probative value"); *see also, e.g., Wright v. Sumter Cnty. Bd. of Elections and Registration*, 301 F. Supp. 3d 1297, 1321-22 (M.D. Ga. 2018) (relying on the testimony of a challenged redistricting plan's main sponsor regarding the policy underlying the plan), *aff'd* 979 F.3d 1282 (11th Cir. 2020).

It is thus highly likely that Judge Rudofsky, if he presides over this case, will be called upon to weigh the testimony of two material witnesses to whom he gave recent and substantial financial support. (The defendants do not contest that Judge Rudofsky's support for Hutchinson and Rutledge was both recent and substantial.) A reasonable observer could doubt a judge's ability to remain impartial under those circumstances. *See* 28 U.S.C. § 455(b) (providing that a

3

judge "shall" recuse when an individual with whom the judge has a certain relationship is likely to be a "material witness").

Indeed, former Secretary of State Mark Martin—predecessor in office to a named defendant here—argued in the *Burton* case that a judge's pre-appointment political fundraiser and campaign contribution for his predecessor's political opponent, Pat O'Brien, gave the appearance of partiality against his office. *Burton v. Ark. Sec'y of State*, No, 4:11-cv-00710, 2015 WL 11090414, at *1 (E.D. Ark. Feb. 26, 2015). Although she denied Secretary Martin's recusal motion because Martin's own conduct was not at issue there, Judge Baker noted that O'Brien remained on her automatic recusal list in 2015 after she hosted a fundraiser and donated to his campaign in 2010. *See id.* at *4. Judge Baker thus rightly determined that, given her past support for him, a reasonable person could doubt her impartiality if O'Brien were an interested party in a case assigned to her. The defendants suggest that Judge Baker might have some other reason for including O'Brien on her recusal list, but that is conjecture entirely unsupported by the *Burton* decision.

Finally, the defendants argue that Judge Rudofsky's past political support for Hutchinson and Rutledge is not important here because they intend to file a motion to dismiss those defendants and because Judge Rudofsky is certain to grant it. (ECF 38 at 6-7.) The plaintiffs do not agree that a motion to dismiss is appropriate here or that, even if granted, dismissal would mean that Hutchinson and Rutledge are no longer material witnesses. If anything, the defendants' argument reinforces the need for Judge Rudofsky to recuse himself from this case. Hutchinson and Rutledge are going to be at the center of this case from the very beginning.

None of this is to say that Judge Rudofsky is *actually* biased. But a reasonable person could doubt his ability to remain impartial given his recent and substantial support for two named defendants who are also material witnesses. And that, by itself, requires recusal here.

Dated: January 5, 2022

          Bryan L. Sells (*PHV* Admitted)
          Email:  bryan@bryansellslaw.com
          THE LAW OFFICE OF
          BRYAN L. SELLS, LLC
          Post Office Box 5493
          Atlanta, Georgia 31107-0493
          Tel: (404) 480-4212 (voice and fax)

| | |
|---|---|
| Gary Sullivan (AR Bar: 92051) | Ceridwen Cherry (*PHV* Admitted) |
| Email:  gary@acluarkansas.org | Email:  ccherry@aclu.org |
| ARKANSAS CIVIL LIBERTIES UNION FOUNDATION, INC. | AMERICAN CIVIL LIBERTIES UNION, VOTING RIGHTS PROJECT |
| 904 West 2nd Street | 915 15th St NW |
| Little Rock, AR 72201 | Washington, DC 20015 |
| Tel: (501) 374-2842 | Tel: (202) 457-0800 |

| | |
|---|---|
| Jonathan Topaz (*PHV* Admitted) | Neil Steiner (*PHV* Admitted) |
| Email:  jtopaz@aclu.org | Email:  neil.steiner@dechert.com |
| Sophia Lin Lakin (PHV Admitted) | DECHERT LLP |
| Email: slakin@aclu.org | Three Bryant Park |
| AMERICAN CIVIL LIBERTIES UNION, VOTING RIGHTS PROJECT | 1095 Avenue of The Americas |
| 125 Broad Street, 18th Floor | New York, NY 10036 – 6797 |
| New York, NY 10004 | (212) 698-3500 | (212) 698-3599 |
| Tel: (212) 549-2500 | |
| | Angela Liu (*PHV* Admitted) |
| | Email:  angela.liu@dechert.com |
| | DECHERT LLP |
| | 35 West Wacker Drive, Suite 3400 |
| | Chicago, IL 60601 |
| | (312) 646-5800 | (312) 646-5858 |

6

| | |
|---|---|
| Luke Reilly (*PHV* Admitted)<br>Email: luke.reilly@dechert.com<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104-2808<br>(215) 994-4000 \| (215) 994-2222 | Matthew F. Williams (*PHV* Admitted)<br>Email: matthew.williams@dechert.com<br>DECHERT LLP<br>One Bush Street, Suite 1600<br>San Francisco, CA 94104-4446<br>(415) 262-4500 \| (415) 262-4555 |

*Attorneys for Plaintiffs*