IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ARKANSAS STATE
CONFERENCE NAACP** *et al.*                                                         **PLAINTIFFS**

v.                          Case No.: 4:21-cv-01239-LPR

**THE ARKANSAS BOARD OF
APPORTIONMENT** *et al.*                                                             **DEFENDANTS**

### ORDER

      The Court has an independent obligation to ensure it has jurisdiction over this case.[1] That obligation includes analyzing whether Plaintiffs have standing to bring this suit.[2] There are no actual voters named as Plaintiffs here. The only Plaintiffs currently in this case are non-profit membership organizations. They say they are bringing suit on behalf of their members. These membership organizations are attempting to proceed under a doctrine known as "associational standing." Associational standing allows an organization to bring suit on behalf of its members when: (1) that organization's members would "have standing to sue in their own right"; (2) the "interests" that the lawsuit "seeks to protect are germane to the organization's purpose"; and (3) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."[3]

      The Court's concern focuses on the first prong of the test. Plaintiffs' Complaint states that they have "members who are African-American registered voters *in each of the areas* where the

---

[1] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction . . . .").

[2] *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 934 (8th Cir. 2012) ("Article III standing must be decided first by the court and presents a question of justiciability; if it is lacking, a federal court has no subject-matter jurisdiction over the claim.")

[3] *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

plaintiffs allege that vote dilution is occurring. These members are irreparably harmed by living and voting in districts whose boundaries dilute Black voting strength."[4] This language—especially the phrase "each of these areas"—is vague and general. Plaintiffs at no point expressly identify the particular districts in which these members live. That is a potential problem because, as I currently understand the precedent, the Supreme Court has been clear that redistricting lawsuits must proceed district-by-district.[5] Accordingly, to have constitutional standing to bring a vote-dilution claim, an individual plaintiff (or in this case, a member of an organization) must live in a district that is allegedly "packed" or "cracked."[6]

In *Alabama Legislative Black Caucus v. Alabama*, Justice Breyer, writing for the Supreme Court, recognized that, in some circumstances, "elementary principles of procedural fairness" may require a district court to give a membership organization "an opportunity to provide evidence of member residence."[7] Given that we are in the very early stages of the case at bar, and that there is a pending preliminary injunction motion, the fairest way to proceed is to give each Plaintiff an opportunity to alleviate the Court's concern by supplementing its vague standing allegations with a more detailed affidavit or declaration.

---

[4] Compl. (Doc. 1) ¶¶ 3–4 (emphasis added).

[5] *See Gill v. Whitford*, 138 S.Ct. 1916, 1930 (2018) ("To the extent the plaintiffs' alleged harm is the dilution of their votes, that injury is district specific. . . . The boundaries of the district, and the composition of its voters, determine whether and to what extent a particular voter is packed or cracked. This disadvantage to the voter as an individual, therefore results from the boundaries of the particular district in which he resides.") (cleaned up); *see also Ala. Legislative Black Caucus v. Alabama*, 575 U.S. 254, 262–63 (2015) (racial gerrymandering claims must proceed "district-by-district").

[6] *Gill*, 138 S.Ct. at 1930–31. *Gill* was a partisan gerrymandering case. The Court reached its conclusion by relying on racial gerrymandering cases such as *United States v. Hays*, 515 U.S. 737 (1995). Many lower courts have applied the reasoning of *Hays* and *Gill* to determine whether a plaintiff has standing to pursue a Section 2 vote-dilution claim. *See Larry v. Arkansas*, No. 4:18-cv-00116-KGB, 2018 WL 4858956, at *5–8 (E.D. Ark. Aug. 3, 2018) (collecting cases).

[7] 575 U.S. at 270–71.

The Court therefore directs each Plaintiff to file an affidavit or declaration under penalty of perjury that: (1) separately identifies each district of the 2021 Arkansas House of Representatives reapportionment map that Plaintiffs claim is "packed" or "cracked"; and (2) for each such district, provides a statement that informs the Court whether the Plaintiff has as a member of its organization an "African-American registered voter"[8] who lives in the district.[9] The affidavits or declarations must be filed on or before Friday, January 14, 2022.

IT IS SO ORDERED this 10th day of January 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[8] It may be that this category is narrower than standing doctrine requires. The Court's focus on African-American registered voters reflects Plaintiffs' use of this category in their Complaint. *See* Compl. (Doc. 1) ¶¶ 3–4.

[9] To be clear, the Court is not requesting the names or addresses of any of Plaintiffs' members.