# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | | |
|---|---|---|
| **ARKANSAS STATE CONFERENCE NAACP** *et al.* | | **PLAINTIFFS** |
| v. | Case No.: 4:21-cv-01239-LPR | |
| **THE ARKANSAS BOARD OF APPORTIONMENT** *et al.* | | **DEFENDANTS** |

## **ORDER**

It is currently unclear to the Court whether, in the Eighth Circuit, the existence and scope of a private right of action (including a private remedy) is a jurisdictional question.[1] Defendants did not raise any private right of action arguments in their Opposition to the Motion for Preliminary Injunction. If the existence and scope of a private right of action are jurisdictional questions, the Court nonetheless has an independent obligation to consider these issues. If they are not jurisdictional, the Court must not consider them at the Preliminary Injunction stage because Defendants did not raise them.

In addition to all other legal arguments, the Court expects the parties to be prepared to discuss at the hearing: (1) whether private right of action questions are considered jurisdictional in the Eighth Circuit; and (2) whether there is a private right of action that authorizes the claims brought and the relief sought by the Plaintiff-organizations in this case. Moreover, Plaintiffs may

---

[1] *Compare Brnovich v. Democratic Nat'l Comm.*, 141 S.Ct. 2321, 2350 (2021) (Gorsuch, J., concurring) ("Our cases have assumed—without deciding—that the Voting Rights Act of 1965 furnishes an implied cause of action under § 2. Lower courts have treated this as an open question. Because no party argues that the plaintiffs lack a cause of action here, and because the existence (or not) of a cause of action does not go to a court's subject-matter jurisdiction, this Court need not and does not address that issue today.") (internal citations omitted), *with Cross v. Fox*, --- F.4th ---, 2022 WL 127944, at *4 (8th Cir. 2022) ("Absent a private right of action to enforce the ICRA in federal court for the relief sought, there can be no jurisdiction under 28 U.S.C. § 1331.").

address these questions in their forthcoming Reply Brief, and Defendants may address these questions in their standing-related Surreply.

The Court wants to be clear. All parties should understand that, unless the Court concludes that private right of action questions are considered jurisdictional in the Eighth Circuit, any potential arguments in this area have been forfeited by Defendants for purposes of the Preliminary Injunction Motion.

IT IS SO ORDERED this 20th day of January 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE